EVANS *versus* MURPHY, et. al.

A gave his note for the rent of a ferry, including eighty acres of land: the County Court afterwards granted the ferry to another. In a suit brought to recover the amount of the note—Held—That A could show the failure of consideration, which arose from being deprived of the ferry.

In error from Wilcox Circuit Court.

This action, being assumpsit, was brought to recover the amount of a promissory note. The note was executed by Evans to the defendants in error for the rent of eighty acres of land, including a ferry. The County Court had granted the privilege of keeping the ferry to another individual, whereby the defendant, Evans, had been deprived of its income, which was proved to be worth one hundred and fifty dollars a year. To this defence, the Court charged the jury, that the defendant was bound to pay the whole amount of the note, and that if the land was of any value, they must so find. The defendant, by his counsel, excepted to this charge of the Court, and took his writ of error here.

SAFFOLD, J.—This action was brought in the Circuit Court, by the defendants in error against the present plaintiff, on a promissory note made by the latter, payable to the former, as agents for the Canton Company for one hundred and eighty dollars. The plaintiffs below having obtained a verdict and judgment for the amount of the note, Evans prosecutes this writ of error, and assigns the following causes.

1st. That the Court erred, as shewn in the bill of exceptions.

2d. The Court erred in sustaining the demurrer to the defendant's plea.

In relation to the first assignment, it appears that the note sued on had been given for the rent of a ferry and eighty acres of cleared land; that the County Court had previously licensed E. Pharr to keep said ferry, who kept the same for the whole of the year, for which defendant had rented it, whereby the defendant never received it. Upon this state of facts, the Court charged the jury, that if the land was of any value, the contract was undivided, and they must find for the plaintiff the full amount of the note, the ferry having been proved to be worth one hundred and fifty dollars a year.

The doctrine of *partial* failure of the consideration of contracts, and under what circumstances it constitutes a defence at law to an action brought to recover the price of the article contracted for, is a subject of considerable magnitude, and has often elicited contrariety of decision in different Courts of high authority. Inasmuch, however, as the principles involved in this case have received several recent discussions in this Court, and our opinions have been fully declared upon them, (more particularly in one

.case during the present term) it is deemed unneces-
.sary again to review the authorities, or reiterate the
reasons by which we are governed. It is sufficient
to say, a majority of this Court have heretofore adop-
ted principles of decision in opposition to those main-
tained by the Circuit Court in this case, and that we
are now fully satisfied with them : that on the best
reasons and authorities, in cases like the present, the
defendant below should be allowed, in mitigation of
the demand against him, the benefit of the defence
of which he attempted to avail himself; that by this
course much delay and vexation, and the circuity
of actions will be avoided, which should ever be re-
garded as a *desideratum* in the administration of
justice. The cases alluded to, as having been al-
ready adjudicated, where will be found references to
many authorities, and a full exposition of our views
are *McMillion* vs. *Pigg & Marr*,[a] and *Peden* v. *Moore*,
page 71 of this volume.

.ª2Stewarts
Reports.

Respecting the 2d assignment, as it is unimpor-
tant to the decision, it is sufficient to say no error is
presented by it. On the first the judgment is reversed,
and the cause remanded.