(76 South. 406)

HUTCHINSON v. BOZEMAN. (3 Div. 219.)

(Court of Appeals of Alabama. June 30, 1917.)

1. FRAUD ←41—DECEIT IN SALE OF LAND—COMPLAINT—SUFFICIENCY.

A count alleging that plaintiff claims of defendant the sum of $500 for deceit in the sale of two lots, which defendant at the time of the sale knew to be situated in a low, flat place, and of practically no value, was insufficient to state a cause of action for deceit in the sale of land.

2. VENDOR AND PURCHASER ←349—BREACH OF CONTRACT TO CONVEY—COMPLAINT—SUFFICIENCY.

In an action for the breach of a contract to convey land, the complaint, alleging a failure to deliver a deed and an eviction, was insufficient, where it did not appear that the contract was not void under the statute of frauds, and the allegations were insufficient to authorize recovery for an eviction by paramount title.

3. FRAUD ←43—DECEIT IN SALE OF LAND—COMPLAINT—SUFFICIENCY.

The complaint for deceit in sale of land was demurrable, where it failed to charge that defendant falsely or fraudulently represented that he had title to the lots and was silent as to the recitals in the deed.

4. FRAUD ←41—DECEIT IN SALE OF LAND—COMPLAINT—SUFFICIENCY.

Count 4, alleging that defendant owned a large number of vacant lots, and undertook and agreed to sell to plaintiff two of said lots, and put plaintiff in possession, and then and there falsely and fraudulently represented that said two lots were lots 13 and 14 according to the Ivey Realty plat, and on said day and date delivered to plaintiff deed to lots 13 and 14, and falsely and fraudulently represented that said deeds conveyed said two lots so pointed out, when as a matter of fact the lots pointed out to plaintiff were lots 15 and 16 according to said survey, which fact then and there was wholly unknown to plaintiff, and then and there well known to defendant, etc., although inartificially drawn, did in effect and legal substance state a cause of action for fraud and deceit in the sale of land, and was not demurrable.

Appeal from City Court of Montgomery; Gaston Gunter, Judge.

Action by Lula G. Hutchinson against R. H. Bozeman for deceit in the sale of land. From a judgment sustaining demurrers to the complaint, plaintiff appeals. Reversed and remanded.

Count 1 is as follows:

Plaintiff claims of defendant the sum of $500 for deceit in the sale of two lots, which defendant at the time of the sale knew to be situated in a low, flat place, and of practically no value.

Count 2:

Plaintiff claims of defendant the further sum of $500 damages for the breach of an agreement entered into by him on February 29, 1912, in substance as follows: Defendant undertook to sell and convey to plaintiff, and deliver a deed to her to the same, to wit, * * * at and for the sum of $400, and then and there put plaintiff in possession of the same, and received the said $400; and plaintiff alleges that, although she had complied with all of its provisions on her part, and paid to defendant said sum of $400, defendant has failed to comply with the following provisions thereof, viz.: Had failed to sell and convey and deliver to plaintiff a deed to said lots above described, and that on, to wit, November 1, 1914, plaintiff was ejected from said two lots by one holding a prior and better title

and a right to the same, so that plaintiff wholly lost the possession and use of said lots.

Count 3:

Plaintiff claims of defendant the further sum of * * * for that on, to wit, February 19, 1912, defendant undertook to agree and deliver to plaintiff a deed to, at, and for the consideration of $400 to two certain lots vacant, being a part of * * * plat filed in the office of the judge of probate of Montgomery county, fronting on Pickett street, in Chisholm, said state and county; and plaintiff alleges that, in pursuance of said agreement, defendant pointed out, showed, and put plaintiff in possession of two said lots on Pickett street, and then and there falsely and fraudulently represented to plaintiff that he was giving her a deed or conveyance to the two said lots so shown and pointed out by him to her, but failed to give plaintiff a deed to the two said lots, all of which was well known to defendant, which plaintiff decided to purchase, and which defendant then and there falsely represented that he was selling to plaintiff, but gave to plaintiff a deed to two other lots that were greatly of less value than the lots which were pointed out by defendant to plaintiff, which defendant represented he was selling to plaintiff, the falsity of which was wholly unknown to plaintiff; and plaintiff avers that she paid said $400 as per said agreement and undertaking, and went into possession of said two lots that were so pointed out to her, and that she had been recently ejected from same by one Gates, who held a prior and paramount title to said two lots, so that she has lost the use and possession of said lots.

Count 4:

Defendant owned a large number of vacant lots, fronting on the south side of Pickett street, at Chisholm, and on February 19, 1912, undertook and agreed to sell to plaintiff, at and for the consideration of $400, two of said lots, and pointed same out to plaintiff, and put plaintiff in possession of same, and then and there falsely and fraudulently represented that said two lots were lots 13 and 14, according to the Ivey Realty plat, * * * and on, to wit, said day and date delivered to plaintiff deed to lots 13 and 14, and falsely and fraudulently represented to plaintiff that said deed conveyed to plaintiff said two lots so pointed out to plaintiff by defendant, when, as a matter of fact, said lots pointed out to plaintiff, and for which she paid said sum of $400, were lots 15 and 16 according to said survey, which fact then and there was wholly unknown to plaintiff, and then and there well known to defendant. Plaintiff further alleges that lots 13 and 14 are situated in a low, marshy, or flat place, and are of greatly less value than lots 15 and 16, and of the value of $100. Plaintiff further avers that, at the time of said transaction, defendant did not own the legal title to said lots 15 and 16, but that same was in one Flowers, who held a mortgage or other incumbrance on the same, which fact was then and there well known to defendant, and unknown to plaintiff; and plaintiff avers that she has been ejected from the premises and use of lots 15 and 16 by one Gates, who held said legal title to said lots, derived from said Flowers, the owner of said lien or incumbrance.

L. A. Sanderson, of Montgomery, for appellant. Mabry & Jones, of Montgomery, for appellee.

BRICKEN, J. The question presented by the record is not whether the plaintiff has a good cause of action, but whether such a cause has been properly stated in her complaint. The trial court held each of the

four counts subject to some of the demurrers interposed, not stating the grounds on which the judgment was based. Plaintiff thereupon took a nonsuit, and seeks here to review the rulings mentioned.

[1] The first count fails to state many of the essential elements of a cause of action for deceit in the sale of land. Wall v. Graham, 192 Ala. 396, 68 South. 298; King v. White, 119 Ala. 429, 24 South. 710; Einstein v. Marshall, 58 Ala. 153, 29 Am. Rep. 729; 20 Cyc. 102; ·Code 1907, § 2468.

[2] Counsel for appellant treats the second count of the complaint as for money had and received. We cannot so treat it. Rather it is an attempt to declare for breach of a contract to convey land; the breach alleged being a failure to deliver a deed, and an eviction of plaintiff. For aught that appears, the contract may be void under the statute of frauds, and not enough is stated to authorize a recovery for an eviction by paramount title.

[3] The third count is difficult to classify. While it declares upon a false and fraudulent representation as to the lots sold, it further declares that the plaintiff was put in possession of the lots purchased by her, and for which she paid the consideration agreed upon, but that she has been .evicted, and so has lost the use and possession of same. It fails to charge that defendant falsely or fraudulently represented that he had title to said lots, and is silent as to the recitals in the deed, if deed there was.

[4] While count 4 is not artfully drawn, it does in effect and legal substance state a cause of action for fraud and deceit in the sale of the property in question, and was not subject to any grounds of the demurrers assigned. 12 Ruling Case Law, p. 271, § 37 20 Cyc. 87 (C); Journey v. Hunt, 1 N. J. Law, 235, 1 Am. Dec. 202; Sherwood v. Salmon, 5 Day (Conn.) 439, 5 Am. Dec. 167.

For the error in sustaining the demurrers to count 4, the judgment of the lower court is reversed, and the cause remanded.

Reversed and remanded.