**DENNEY v. J. B. COLT CO.  (7 Div. 418.)**

(Supreme Court of Alabama.  Nov. 1, 1923. Rehearing Denied Nov. 15, 1923.)

1. **Appeal and error** ⊚⟹1078(1)—**Errors not insisted upon in briefs in civil cases not considered on appeal.**

Errors assigned in civil cases, but not insisted on or argued in brief by appellant, will not be reviewed.

2. **Sales** ⊚⟹181(5)—**Evidence under plea of recoupment as to defects in property purchased held competent.**

In a suit on a note given for the price of a lighting plant, defendant setting up a plea of recoupment for a breach of contract, evidence that a defect existed in the plant before delivery to the transportation company was competent.

3. **Sales** ⊚⟹182(1)—**Whether defects existed before delivery of goods to transportation company held for the jury.**

Whether the evidence was conflicting as to whether the defects in a lighting machine purchased by defendant existed before or after delivery to a transportation company *held* a question for the jury.

4. **Sales** ⊚⟹347(2)—**Defendant may plead total or partial failure of consideration to defeat an action on a note.**

Under Code 1907, § 5865, in a suit on a note between the original parties for the price of personalty, defendant may plead total or partial failure of consideration of the note; the latter being a good defense only pro tanto to the action.

5. **Bills and notes** ⊚⟹476(2)—**Plea of failure of consideration must state the facts.**

A plea of failure of consideration must state the facts showing how it failed.

Appeal from Circuit Court, Randolph County; S. L. Brewer, Judge.

Action by the J. B. Colt Company against T. H. Denney. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Reversed and remanded.

James J. Mayfield, of Montgomery, and Hooton & Hooton, of Roanoke, for appellant.

Partial failure of consideration may be pleaded and proven by defendant in mitigation of damages. 3 R. C. L. 946; 99 Me. 351, 59 Atl. 517, 2 Ann. Cas. 428; 115 Tenn. 610, 92 S. W. 1104, 9 L. R. A. (N. S.) 979; 120 Cal. 521, 52 Pac. 995, 65 Am. St. Rep. 186; 73 Kan. 334, 80 Pac. 639, 84 Pac. 737, 117 Am. St. Rep. 479; 101 Me. 287, 64 Atl. 496, 8 Ann. Cas. 260; 1 Conn. 367, 6 Am. Dec. 244. If the article received is not the kind of thing agreed for, there is a failure of consideration. 134 Ga. 288, 67 S. E. 654, 28 L. R. A. (N. S.) 267; 1 N. H. 174, 8 Am. Dec. 50. In an action between the original parties to a promissory note, the maker may show contemporaneous parol agreement inducing his signature. 3 R. C. L. 943; Peden v. Moore, 1 Stew. & P. 71, 21 Am. Dec. 649; 96 Cal. 84, 30 Pac. 1016, 21 L. R. A. 406, 31 Am. St. Rep. 181; 134 Ga. 288, 67 S. E. 654, 28 L. R. A. (N. S.) 267; 107 Minn. 224, 119 N. W. 1069, 131 Am. St. Rep. 459; 223 Pa. 568, 72 Atl. 891, 132 Am. St. Rep. 742. The statutes do not authorize the exclusion of competent, legal, and relevant evidence. Scales v. Central Iron Co., 173 Ala. 639, 55 South. 821; Mobile Light Co. v. Portiss, 195 Ala. 320, 70 South. 136; McCray v. Sharpe, 188 Ala. 375, 66 South. 441.

Thompson & Thompson, of Birmingham, and Vann & Parker, of Wedowee, for appellees.

All oral negotiations relating to the making of a contract, when reduced to writing, become merged into the writing, and all previous and present oral negotiations, not carried into the writing, are treated as waived or abandoned. Penn v. Smith, 93 Ala. 476, 9 South. 609. A delivery of goods to a common carrier, when no reservation is made by the vendee, is constructive delivery to the vendor, and title then and there passes. Robinson v. Pogue, 86 Ala. 257, 5 South. 685; Pilgreen v. State, 71 Ala. 368; Jones v. Brewer, 79 Ala. 545.

MILLER, J. This is a suit on a promissory note for $238.35 given by T. H. Denney, the defendant, to the J. B. Colt Company, a corporation, the plaintiff, for the purchase price of an acetylene lighting plant. The jury re-

---

⊚⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

turned a verdict in favor of the plaintiff, and from a judgment thereon by the court this appeal is prosecuted by the defendant. The cause was tried on general issue, want of consideration, and recoupment pleas lettered "A" and "Q."

The contract between the parties contained the following warranty:

"It is agreed that in accepting this order the company warrants the apparatus furnished to be a thoroughly durable galvanized steel acetylene generator, automatic in action, and of good material, and workmanship, and that it is on the permitted list of the National Board of Fire Underwriters."

The promissory note described in the complaint contained the clause:

"The above provided at the date specified, I buy a light plant according to contract, otherwise this note is void."

[1] Many errors are assigned on the ruling of the court on demurrers to pleas and the admission of evidence. There are 26 errors assigned, but only a few of them are specially mentioned and argued in brief of appellant. The errors assigned· in civil cases, but not insisted on and not argued in brief by appellant, will not be reviewed by this court on appeal. Sokol Bros. Furniture Co. v. Gate, 208 Ala. 107, 93 South. 724; Hodge v. Rambo, 155 Ala. 175, 45 South. 678; Hymes v. State, 209 Ala. 91, 95 South. 383.

This acetylene plant which was purchased by contract, and for which the note sued on was given, was shipped by the plaintiff from Chicago, Ill., to the defendant at Wadley, Ala. The evidence for the plaintiff tended to show when it was delivered, properly packed, to the transportation company, consigned to the defendant, it was in the condition, as to material and workmanship, as was contemplated by the contract.

The evidence for the defendant tended to prove that when the plant reached him at Wadley, Ala., it was crated, with "no bruises or breaks about it," that it was intact, and appeared to be in good condition; but when installed it would not automatically charge its drum as the contract required, that its action was not automatic, "but would feed only when you pressed it with your hands." This defect, according to the evidence of some of the witnesses, rendered the plant worthless, and others testified it could be remedied by proper material and labor at a cost of from $2.60 to $5, thus putting the plant in first-class condition.

The court on motion of the plaintiff excluded all the evidence offered by the defendant in reference to the condition of the machine after it was delivered to the transportation agent at the point of shipment, and gave the general affirmative charge with hypothesis in writing in favor of the plaintiff. These rulings of the court appear separately in the errors assigned, and are argued by appellant.

[2, 3] These defects in the automatic action of the plant may have existed when the machinery was delivered to the transportation company, and under the conflicting tendencies of the evidence the jury had the right to so decide.

The recoupment pleas A and Q set up the agreement in and breach of the contract and claimed damages for it against the purchase price evidenced by the note, the foundation of the suit. This evidence was relevant and competent under the issues in the recoupment pleas to go to the jury, and the court erred in granting the motion of the plaintiff and excluding it from them. There was evidence or reasonable inferences which could be drawn by the jury from the testimony that this defect in the plant existed when it was delivered to the transportation agent by the plaintiff, and that the contract was breached by the plaintiff and the defendant damaged by it.

Under our statute, section 5865, Code 1907, in a suit on a note for the purchase price of personal property, on a plea of recoupment, the defendant may have judgment simply where the amount recouped equals or exceeds the claim of the plaintiff; but if defendant's damages are less than the amount due plaintiff, it will diminish the plaintiff's claim by way of reduction, corresponding with the injury sustained. The defendant by plea of recoupment may diminish with his claim the demand of the plaintiff, or may destroy with his claim the demand of the plaintiff if his damages equal it, and obtain judgment for court cost, or obtain judgment against plaintiff if his damages exceed the amount due the plaintiff for the excess and all court cost. Section 5865, Code 1907; Grisham v. Bodman, 111 Ala. 194, 20 South. 514; Peden v. Moore, 1 Stew. & P. 71, 21 Am. Dec. 649.

[4, 5] In a suit on a note between the original parties for the purchase price of personal property, the defendant may plead total or partial failure of consideration of the note. The partial failure of consideration will be a good defense only pro tanto to the action. It is good in mitigation of the demand of the plaintiff against him. Evans v. Murphy, 1 Stew. & P. 226; Smith v. Heath, 207 Ala. 4, headnote 3, 91 South. 799; Morehead v. Gayle, 2 Stew. & P. 224; English v. Wilson, 34 Ala. 201. The plea of failure of consideration must state the facts showing how it failed. Stull v. Daniel Mach. Co., 207 Ala. 544, headnote 5, 93 South. 583.

The evidence as to the condition of the plant, excluded by the court from the jury on motion of the plaintiff, was relevant and competent testimony tending to show total or partial failure of the consideration of the note.

For the error mentioned, the judgment must be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.