### HAWKINS v. PEOPLE'S TRUST & SAV. BANK. (5 Div. 950.)

(Supreme Court of Alabama. Dec. 16, 1926. Rehearing Denied March 31, 1927.)

1. **Bills and notes ⬿476(1)—Pleas of lack of consideration of notes, merely denying consideration moving to defendant, are insufficient.**

Pleas of lack of consideration of notes, merely denying consideration moving to defendant, are insufficient, since consideration moving to third person is sufficient.

2. **Pleading ⬿8(15)—Averment of fraud, as to recoupment on collateral matter, is mere conclusion.**

As to recoupment on collateral matter, averment of fraud is mere conclusion.

3. **Fraud ⬿12—Plea alleging fraud as to matter agreed to be done in future held insufficient.**

Plea for recoupment on collateral matter for fraud, where defendant did not specifically aver that he was misled by plaintiff's fraudulent misrepresentations of present facts, but merely that fraud referred to matter agreed to be done in future by another, *held* insufficient.

4. **Bills and notes ⬿476(2)—In action on notes, pleas for breach of contract and resulting failure of consideration for notes held insufficient, where not alleging duty of plaintiff or breach of duty.**

In action on notes for timber, pleas for breach of contract to plane lumber and failure of consideration for notes by reason of this breach *held* insufficient, where not alleging that plaintiff was bound to plane the lumber or that plaintiff violated any contractual obligation.

5. **Appeal and error ⬿882(5)—Demurrer to plea was properly sustained, where matter in it was contained in another plea withdrawn by defendant.**

Court properly sustained demurrer to plea, where defendant had benefit of matter sought to be set up in it by another plea which he withdrew.

Appeal from Circuit Court, Coosa County; E. S. Lyman, Judge.

Action by the People's Trust & Savings Bank against W. C. Hawkins, wherein defendant pleaded a counter demand. From a judgment for plaintiff, defendant appealed to the Court of Appeals. Transferred under Code 1923, § 7326. Affirmed.

The suit is on promissory notes. Pleas 4 and 5 are as follows:

"(4) There was no consideration paid to the defendant by the plaintiff which induced him to sign the note sued on therein.

"(5) There was no consideration paid to the defendant for his promise to pay as alleged in the complaint."

Plea 8 sets up that, at the time the action was commenced, plaintiff was indebted to defendant in the sum of $2,000, in that, on October 6, 1924, defendant made a contract of purchase and did purchase from Coosa Lumber Company all merchantable timber on lands described; that said timber was purchased for the purpose of immediately placing a sawmill on the same and manufacturing the timber into lumber and to market same at, or, if necessary, to haul same from, the sawmill location on said lands to the nearest railroad station, Kellyton, 12 miles distant; that, as a part of the consideration agreed to be paid for said timber, the Coosa Lumber Company agreed that it would dress and finish said lumber, at $2.50 per thousand feet, on a planing mill to be located at a point about one mile from defendant's sawmill, relying upon which defendant paid $800 of the consideration and executed his note to plaintiff bank for the balance of $800; that there was about 800,000 feet of timber involved in said purchase; that to haul same dressed from said planing mill to Kellyton was reasonably worth $3 per thousand feet, but to haul same, before planing, to Goodwater, a distance of 17 miles, would be reasonably worth $6 per thousand feet; that said Coosa Lumber Company violated its contract with defendant by failing and refusing to plane said lumber, whereby it has been necessary for defendant to have said lumber hauled to Goodwater at a cost of $3 per thousand feet, and planed there at a cost of $3 per thousand feet; that said Coosa Lumber Company had no purpose or intention of complying with said contract when same was made, in so far as planing and finishing said lumber was concerned, but it was its fraudulent purpose to make said contract and induce defendant to make same, and, to avoid the consequence of such fraud, in collusion with plaintiff bank, induced defendant to make his notes payable to the bank for the fraudulent purpose of collecting the balance of said purchase money out of defendant and avoid further liability to defendant for breach of the contract. It is further averred that—

"Said bank participated in said fraud, was fully aware of all said facts and conditions, and took

---

⬿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

such notes, the notes sued on in this case, payable to said bank for such fraudulent purpose."

It is further averred that, immediately after the contract was made, defendant set up his sawmill and manufactured, before this suit was brought, 350,000 feet of lumber, and delivered same to Goodwater, and that the difference between transportation of same to Goodwater and Kellyton and the difference in cost of planing amounted to $1,225, which defendant offers to set off against plaintiff's demand and claims judgment for the excess.

Plea B sets up the circumstances of the contract of purchase as alleged in plea 8, and contains this averment:

"That the plaintiff bank was a silent partner with the said Coosa Lumber Company in the said contract with this defendant, and was a party in interest to said contract, and was in full knowledge of the facts concerning said contract, and fully knew the terms of said contract and agreed to and acquiesced in same, and well knew that the terms of said contract provided that the said Coosa Lumber Company was to dress and finish the lumber made from the timber as aforesaid, and took the notes sued on in this cause and the $800 paid in cash by this defendant with all of such knowledge theirs, and it was a part of the consideration when the defendant executed said notes to said bank that plaintiff bank as well as the said Coosa Lumber Company would plane and dress the lumber as aforesaid."

This plea avers that defendant sustained damage by reason of the failure of the plaintiff bank and the lumber company to comply with their contract, offers to set off against plaintiff's demand, and claims judgment for the excess.

Plea C contains substantially the same matter as set up in pleas 8 and B, but is predicated upon a failure of consideration, in that it is averred the reasonable value of the timber upon the failure of the plaintiff bank and the Coosa Lumber Company to dress and plane as aforesaid was less than $800.00 paid in cash by defendant on the purchase price, whereas the timber was reasonably worth the amount defendant paid for same if it had been planed and dressed as agreed by plaintiff and the lumber company.

Riddle & Riddle, of Talladega, for appellant.

Fraud in procuring execution of note is a good defense to an action thereon. Hooper v. Whitaker, 130 Ala. 324, 30 So. 355; Bomar v. Rosser, 123 Ala. 641, 26 So. 510; 8 C. J. 780. Breach of promise inducing the making of a note is good defense as against all but innocent purchasers. Mizell v. Farmers' Bank, 180 Ala. 568, 61 So. 272; 8 C. J. 744, 747. Collateral agreement may be set up in defense. 8 C. J. 739. Partial failure of consideration is a good defense; fraud in procuring and failure of consideration is raised by plea of set-off and plea of failure of consideration. Mizell v. Farmers' Bank, supra; Thompson v. Hudgins, 116 Ala. 93, 22 So. 632.

John A. Darden, of Goodwater, L. H. Ellis, of Columbiana, and Holley & Milner, of Wetumpka, for appellee.

A plea that defendant received no consideration is bad. 13 C. J. 740. In pleading, a characterization of acts as fraudulent, unless they are such per se, is not sufficient. 27 C. J. 31. A pleading setting up fraud must aver that the party setting up fraud as a defense was deceived thereby, relied on the representations, and took certain action to his prejudice. 27 C. J. 36.

THOMAS, J. [1] The appeal is to review the ruling upon the pleading. The effect of pleas 4 and 5 was to limit the consideration to one of defendant's, and was insufficient against the demurrer. If the contract has a consideration to support it, this is sufficient though the consideration may have been received by a third person, for whose benefit the defendant contracted. 13 C. J. p. 740, § 884; Moore v. Williamson, 213 Ala. 274, 104 So. 645, 42 A. L. R. 981. The defendant had the benefit of these pleas under plea A as follows: "The defendant in said cause says that the instrument sued on is without consideration."

[2, 3] Plea 8 is defective in averring facts that did not show fraud. The averment of fraud is a conclusion of the pleader (27 C. J. 31; Hutchinson v. Bozeman, 16 Ala. App. 169, 76 So. 406; Dwight Mfg. Co. v. Holmes, 198 Ala. 590, 73 So. 933), as to a recoupment, called set-off in plea, on collateral matter, and it is not specifically averred that the defendant was misled by any fraudulent misrepresentations of the present fact, in which the bank participated, but that the alleged fraud was on the part of the lumber company, and was as to the matter that the lumber company agreed to do in the future. Greil Bros. v. McLain, 197 Ala. 136, 72 So. 410.

[4] Pleas B and C are subject to demurrers directed thereto. It is not averred that the bank was called upon to plane the lumber, or that it violated any contractual obligation it had made with the defendant, or upon which he relied and parted with value.

[5] The court overruled the demurrer to plea X and sustained same to plea Y. Defendant had the benefit in plea X, of matter sought to be set up, had he not voluntarily withdrawn plea X, thereby depriving himself of said plea. By his own act, he was deprived of the benefit of material matter he sought to set up in plea Y and may have been proven under plea X.

We find no reversible error, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.