**ZEROSTAT COMPONENTS, LTD., a corporation, Plaintiff,**

v.

**SHURE BROTHERS, INCORPORATED, a corporation, Defendant.**

**No. 80 C 1505.**

United States District Court, N. D. Illinois, E. D.

Feb. 26, 1981.

---

James B. Blanchard, Jack C. Berenzweig, Gary M. Ropski, Hume, Clement, Brinks, Willian & Olds, Ltd., Chicago, Ill., for plaintiff.

Sheldon W. Witcoff, Charles W. Shifley, Mark T. Banner, Allegretti, Newitt, Witcoff & McAndrews, Ltd., Chicago, Ill., for defendant.

## MEMORANDUM OPINION

KOCORAS, District Judge.

Plaintiff Zerostat Components, Inc. filed this action for patent infringement against Shure Brothers, Inc. on March 27, 1980. Shure answered the complaint on April 23, 1980 with three affirmative defenses: that the patent was invalid, that it was not infringed, and that it was procured by inequitable or fraudulent conduct. Defendant filed its Motion for Leave to File Amended Answer and Counterclaims on December 5, 1980, in which proposed Counterclaim IV alleges a conspiracy between plaintiff and Discwasher, Inc. in violation of Sections 1–7 of the Sherman Antitrust Act. Plaintiff argues that this Court should not use its discretion to permit defendant to file Counterclaim IV, which alleges an antitrust violation and adds a third party for the first time. Discovery has been substantially completed on the patent issues.

Rule 13(f), Fed.R.Civ.P., provides that "when a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment." Defendant's reply memorandum states that evidence of conspiracy and agreement was not fully known to Shure until the deposition of Discwasher's president was taken on October 8, 1980. At that deposition, plaintiff produced a document establishing the basis

of Discwasher's agreement to finance Zerostat's lawsuit. Although Shure knew the terms of the license agreement between plaintiff and Discwasher in March 1980, it did not discover adequate evidence of the alleged conspiracy until October. As a result, the eight month delay in filing proposed Counterclaim IV is not undue or unexplained.

■ Although Counterclaim IV fails to state a cause of action for malicious prosecution, *Hammond Lead Products, Inc. v. American Cyanamid Co.*, 570 F.2d 668, 673 (7th Cir. 1977), it is sufficiently specific and definite to state an antitrust claim. Paragraph 36 of the Counterclaim identifies the relationship of the parties as competitors; paragraphs 36 to 39 allege the specific acts complained of; and paragraphs 38 to 41 show the relation of the acts to the alleged damages. Plaintiff contends that *Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp.*, 382 U.S. 172, 86 S.Ct. 347, 15 L.Ed. 247 (1965), requires defendant to appraise the exclusionary power of the patent claim in the relevant market, to determine the relative market positions of the parties, to assess the economic effect of the patent, and to determine the nature of the injury. However, the above-stated elements are matters of proof, not matters of pleading. *Id.* at 178, 86 S.Ct. at 351. Although Shure may have the burden to prove those elements at trial, it need not establish them at the pleading stage.

■ Counterclaim IV injects a host of entirely new issues, such as the scope of the relevant market, the impact of the patent in that market, and the extent of damages to defendant, which will require additional proof and discovery. *See, e. g., Foster Wheeler Corp. v. Babcock & Wilcox Co.*, 440 F.Supp. 897, 902 (S.D.N.Y.1977). In view of the advanced stage of discovery on the patent issues, the different parties and evidence that would be involved with Counterclaim IV, and the additional discovery needed on the antitrust claim, the patent enforceability and validity issues will be tried in advance of those raised in the proposed antitrust counterclaim pursuant to Rule 42(b), Fed.R.Civ.P. Discovery on the antitrust issues in Counterclaim IV is stayed pending decision on the patent issues. Defendant's motion for leave to file the Amended Answer and Counterclaims is granted.