ALMON, Justice.
This is an appeal from summary judgment for the corporate maker of a note and three of four people alleged to be guarantors of the note. The Rule 56 summary judgment was made final by an order pursuant to Rule 54(b), A.R.Civ.P.
Brad’s Industries, Inc. (Brad’s), a California corporation, executed a note payable to Coast Bank in the amount of $397,002.00 on January 8, 1980. Four suretyship agreements executed the same day bear signatures of John C. Bradford, Steven C. Bradford, Stan L. Bradford, and (purportedly) Connie L. Bradford,[1] Alabama residents who are the individual defendants/appellants in this action. Connie Bradford denied having signed the instrument bearing her name, and she is the lone defendant against whom the trial court did not enter judgment.
Prior to the time of these transactions, Brad’s did business with Community Bank *1002 and Cerritos Valley Bank. Brad’s had assigned its accounts receivable first to Community Bank and, second, to Cerritos Valley Bank. The proceeds of the loan with Coast Bank were used to pay off Community Bank. The affidavit of Steven Bradford, filed in opposition to Coast Bank’s motion for summary judgment, states that Coast Bank agreed to take an assignment of the security interest Community Bank had in Brad’s receivables and to collect those receivables to repay the loan made by Coast Bank.
Steven Bradford’s affidavit goes on to say that Coast Bank did not take over Community Bank’s interest in the accounts receivable:
“When Community Bank’s loan was paid, it released its security interest in the receivables, and instead of the money going to Coast Bank it was claimed by Cerritos Valley Bank. The failure of Coast Bank to acquire the security interest of Community Bank in Brad’s receivables as agreed upon, injured and damaged Brad’s in disrupting its banking activity, permitting Cerritos Valley to accelerate collections of its loan from the receivables.”
The note was payable on April 7, 1980, or on demand; Coast Bank filed this action on July 24,1980, to recover the unpaid balance due on the note. Defendants filed motions to dismiss, and Coast Bank filed its motion for summary judgment. The court denied the motions to dismiss, gave defendants twenty days to answer, and continued the motion for summary judgment. The defendants filed their answer; the individuals alleged that the note was part of an agreement whereby Coast Bank would extend credit to Brad’s over a period of time, and that Coast Bank had failed to keep the agreement. The answer filed by Brad’s alleged in more detail the agreement that Coast Bank was to take over the accounts receivable interest held by Community Bank, and further alleged other services Coast Bank allegedly offered and failed to provide.
The defendants later filed a response to the motion for summary judgment which included the affidavit of Steven Bradford and the statement, “[t]here are issues of material facts as to whether there was a want or failure of consideration for the promise of the defendant Brad’s Industries, Inc., to pay the note.”
The issues presented to this Court are: (1) whether the answers raised the affirmative defense of failure of consideration; if so, (2) whether the alleged agreements and the breach thereof would be admissible to contradict the note, unconditional on its face; and if so, (3) whether such evidence could possibly prove a failure of consideration.
Coast Bank argues that the allegations of the agreement and breach do not raise an affirmative defense as required by Rule 8(c), A.R.C.P. Brad’s and the Brad-fords respond that Rule 8(c) does not require the magic words “failure of consideration” so long as the answer sets out the matter on which the defense is grounded. They say this is especially the case because of Rule 8(f)’s requirement that “all pleadings shall be so construed as to do substantial justice.”
Rule 8 repudiates the older Alabama doctrine of constructing the pleadings strictly against the pleader when ruling on demurrer. Committee Comments, Rule 8. Even so, the answers in this case meet the requirement set out in Denney v. J.B. Colt Co., 210 Ala. 318, 97 So. 825 (1923), that a plea of failure of consideration must state the facts showing how it failed; and the requirement in Hawkins v. People’s Trust & Sav. Bank, 215 Ala. 598, 111 So. 641 (1926), that the affirmative defense aver a duty on the plaintiff and breach or violation of “any contractual obligation it had made with the defendant,” id., at 599, 111 So. 641. The Bradfords’ answer alleges that the note was signed “as part of an agreement” which Coast Bank “failed to keep.” Brad’s answer states the facts in more particulars and thus both answers sufficiently raise the defense of failure of consideration.
*1003 The appellants contend that California law applies on the issues of whether the parol evidence rule bars evidence of the alleged agreement and, if not, whether the facts alleged could prove a failure of consideration. However, the record indicates no such contention either in the answers or in any other papers filed. At this stage of the proceedings, therefore, the appellants have not invoked the law of California in the manner required by Alabama law. Rule 44.1, A.R.C.P.; Semo Aviation, Inc. v. Southeastern Airways Corp., 360 So.2d 936 (Ala.1978); Simmons Machinery Co., Inc. v. M & M Brokerage, Inc., 409 So.2d 743 (Ala. 1981). We shall thus address the question under Alabama law.
“Parol evidence is always admissible to show that an instrument is void or to show a lack or failure of consideration.” Parker v. McGaha, 294 Ala. 702, 707, 321 So.2d 182 (1975). Moreover, a security interest executed by Brad’s to Coast Bank simultaneously with the note shows the accounts receivable as collateral. The agreement Brad’s alleges is therefore not necessarily inconsistent with the written instrument and the parol evidence might be admissible to explain the terms of the contract. Brad’s allegations raise the inference that Coast Bank agreed to look first to the accounts receivable for satisfaction of the note. Failure to secure a prior interest in the collateral might constitute a failure of consideration under facts showing that a promise to collect the receivable was part of the consideration for Brad’s giving Coast Bank its business. Some credence attaches to Brad’s claim that such a promise constituted part of the consideration by virtue of allegations that employees of Coast Bank approached Brad’s and instituted the transaction. What, indeed, was the purpose of the transaction if not to have Coast Bank take over collection of the accounts from Community Bank?
Of course, if Brad’s does show failure of consideration, it would only be partial failure, because Coast Bank did make the loan evidenced by the note. Brad’s should have the opportunity to mitigate damages if there was a partial failure of consideration.
Because Brad’s and the Bradfords raised issues of material fact in their answers, Coast Bank was not entitled to summary judgment. The decision of the trial court is therefore reversed and the cause remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, EM-BRY and ADAMS, JJ., concur.

. The instrument bearing Connie Bradford’s name is dated June 22, 1979.