Appellee, Coast Bank, a California banking corporation, commenced this action by filing its complaint seeking recovery from appellant, Brad's Industries, Inc. (Brad's), a California corporation, on a promissory note, and from other individual defendants, on their guarantees on that note.
The individual defendants filed their answer, alleging the note was part of an agreement whereby Coast Bank would extend credit to Brad's over a period of time, and that Coast Bank had failed to keep the agreement.
The answer filed by Brad's alleged in more detail the agreement that Coast Bank was to take over the accounts receivable interest previously held by another bank, and agreements to loan additional money to Brad's. Brad's alleged that Coast Bank had failed to carry out these agreements and, therefore, that Brad's was not liable for payment of the note. It did not, however, at that time, file a counterclaim against Coast Bank based on those agreements.
Coast Bank filed a motion for summary judgment against the defendants. The trial court granted that motion except as to one of the individual defendants. This court reversed the trial court's judgment in April of 1983, holding that defendants had raised issues of material fact in their answers. Brad'sIndustries v. Coast Bank, 429 So.2d 1001 (Ala. 1983).
On remand, Brad's proceeded to file a counterclaim against Coast Bank, alleging breach of the same agreements referred to in its original answer to Coast Bank's complaint. The trial court denied Brad's motion to allow the counterclaim and Brad's sought reconsideration of that denial, alleging it had found additional evidence concerning one of the alleged agreements made by Coast Bank to provide financing and that this ground warranted the allowance of the untimely filing of the counterclaim. The trial court again denied the motion and directed that its order be made final pursuant to Rule 54 (b), ARCP.
Brad's appeals to this court from the denial of its motion. The issue presented on appeal is whether the trial court abused its discretion by denying Brad's motion to allow a counterclaim.
Brad's seeks to bring its counterclaim pursuant to Rule 13 (f) of the Alabama Rules of Civil Procedure, which provides as follows:
 "When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment."
Brad's claims that "justice requires" that the claim be allowed.
The decision by the trial court whether to allow a counterclaim to be pleaded is a matter of judicial discretion and may be reversed on appeal only if the party can demonstrate that the court abused its discretion. Rohner, Gehrig Co. v.Capital City Bank, 655 F.2d 571 (5th Cir. 1981). Brad's has failed to demonstrate any facts or circumstances to indicate that the court below abused its discretion.
This court allowed Brad's motion to supplement the record on appeal to include Brad's "newly discovered" evidence. It appears clear, however, that the new evidence was available earlier, but was not requested by Brad's, and that defendants were aware of facts concerning the alleged agreements between Coast Bank and Brad's, long before the filing of the counterclaim.
Authority cited by Brad's in its brief in support of its "new facts" argument is not pertinent. In Zerostat Components Ltd.v. Shure Brothers, Inc., 91 F.R.D. 164 (N.D.Ill. 1981), the counterclaimant discovered the first evidence to support a conspiracy theory late in the action and, therefore, such late discovery supported the late filing *Page 131 
of a counterclaim. However, in this case, Brad's had claimed the existence of such agreements, the breach thereof, and the facts in support of its claims long before the filing of the counterclaim. Brad's offers no logical or credible excuse for the delay in filing.
The more appropriate authority for dealing with this issue isImperial Enterprises, Inc. v. Fireman's Fund Insurance Co.,535 F.2d 287 (5th Cir. 1976), reh. denied, 540 F.2d 1085 (5th Cir. 1976). Imperial Enterprises brought suit against Fireman's Fund on an insurance policy for a fire loss. Fireman's Fund had previously paid Imperial on the building coverage, but denied liability under the contents coverage on the ground that Imperial had undervalued inventory. Later, Fireman's Fund attempted to file a counterclaim to recover the amounts it claimed were mistakenly paid on the building coverage. The trial court denied the motion to allow the counterclaim, and the Fifth Circuit affirmed. In reaching its decision, the Fifth Circuit stated:
 "In view of the untimeliness of the attempted amendment — Fireman's Fund was aware of the facts underlying its alleged counterclaim for almost a year before it made its motion — we are unable to conclude that the district court abused its discretion in denying the motion to amend with respect to the counterclaim. . . ."
535 F.2d at 293.
Likewise, in the instant case, almost three years passed between the time that Brad's filed its answer and the time it attempted to raise a counterclaim. It is clear that Brad's knew of the facts underlying its alleged counterclaim for the entire period of time. Accordingly, the trial court, in the exercise of its sound and broad discretion, was justified in denying the counterclaim. Its decision is, therefore, due to be affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and ADAMS, JJ., concur.