INGRAM, Judge.
Larry Peterson, a small boat manufacturer in Jackson Gap, Alabama, purchased carpet to cover the decking of boats over a several-month period in 1984. Peterson purchased the carpet from Dover Carpets, who had acquired it from Cohutta Mills, Inc. Peterson used the marine carpet in approximately fifty (50) boats before receiving complaints that the carpet was disintegrating when exposed to the elements. Peterson informed Dover Carpets of the problems, who in turn informed Cohutta Mills, Inc.
On January 23, 1986, Peterson filed a complaint in the Circuit Court of Tallapoo-sa County against Dover and Cohutta. The complaint alleged misrepresentation, breach of express and implied warranties, and violation of the Alabama Manufacturer’s Extended Liability Doctrine, and sought $9,500.00 in damages. The misrepresentation count was later struck by the trial court for lack of specificity. Charles Dover of Dover Carpets filed a handwritten answer for Dover Carpets, denying liability and claiming that he “did not change or alter the product offered by Cohutta Mills,” and that “they [Cohutta Mills] are responsible ... for their products.” Cohut-ta Mills filed a motion to dismiss, which was denied on March 4, 1986, and filed an answer on March 14, 1986, denying liability.
The case was tried before a jury on August 21, 1986. Charles Dover represented himself on behalf of Dover Carpets. Two days before the trial, counsel for Cohutta Mills and counsel for Peterson were informed at a meeting concerning the issues and pleadings of the case that the trial court viewed Dover’s answer as a cross- *1331 claim against Cohutta Mills. The trial court ruled that the handwritten answer filed by Dover constituted a cross-claim and allowed the issue to go before the jury. Cohutta Mills’ motion to dismiss the cross-claim was overruled by the trial court. Co-hutta Mills’ motion to continue the case due to lack of notice of the cross-claim and therefore insufficient time to prepare against it was also denied. Cohutta Mills moved for a directed verdict at the close of the plaintiff’s case as to both the original claim by Peterson and the cross-claim by Dover. The court denied the motion as to the cross-claim and granted the motion as to Peterson’s original claim against Cohut-ta Mills. The jury found in favor of Peterson in the sum of $9,500.00 against Dover and in favor of Dover against Cohutta Mills on the cross-claim in the same amount. Cohutta Mills filed motions for remittitur and for new trial, which were denied on November 17, 1986. Cohutta Mills now appeals the prior judgment.
Appellant Cohutta Mills raises two issues on appeal. The first is whether the trial court erred in construing Dover’s answer to be a cross-claim and allowing the jury to consider the issue of Cohutta Mills’ liability to Dover. The appellant contends that the trial judge erred by informing Dover of the need for a cross-claim and by construing Dover’s answer to be a cross-claim. Appellant claims that but for the construing of the answer as a cross-claim, a verdict could not have been rendered against Cohutta Mills. Dover simply occupied the point of privity between Peterson and Cohutta Mills.
We note that the law of Alabama follows a policy encouraging liberal interpretation of pleadings. Case law has held that under the Alabama Rules of Civil Procedure
“the primary purpose of pleading is to provide fair notice to adverse parties of any claim against them and the grounds upon which it rests. [Citation omitted.] Generally, the pleadings, in and of themselves, are considered relatively unimportant because cases are to be decided on the merits.”
Johnson v. City of Mobile, 475 So.2d 517, 519 (Ala.1985).
“The rules are designed to discourage battles over mere form of statement which often delay trial on the merits or prevent a party from having a trial because of mistakes in statement.”
Committee Comments, Rule 8, A.R.Civ.P.
In addition to his denial of guilt as to Peterson’s claims, Dover claimed that he did not alter their (Cohutta Mills’) product and that they (Cohutta Mills) are responsible for their product. Even though inart-fully stated, the language in his “pleading” can be read to embrace the requirements of a cross-claim.
Furthermore, the record reveals that the trial court informed all parties sufficiently in advance of trial that the answer in question would be construed by the court to be a cross-claim against Cohutta Mills. Appellant cites Brad’s Industries, Inc. v. Coast Bank, 468 So.2d 129 (Ala.1985), as the standard of review for a trial court’s determination of whether an answer incorporates a cross-claim. Although Brad’s Industries, Inc., supra, dealt with a counterclaim rather than a cross-claim, we agree that the decision by a trial court concerning the construction of a pleading is a matter of judicial discretion and may be reversed only upon proof of the abuse of that discretion. We find no such abuse here.
The second issue raised by appellant is whether the trial court abused its discretion in failing to grant appellant’s motion for continuance. We find that the record pertinently reveals that the appellant was not without notice of the cross-claim at the time of trial. Appellant was notified before trial of the existence of the cross-claim by Dover. The granting or denying of a motion for continuance lies within the discretion of the trial court and will not be disturbed on appeal absent a clear showing of abuse of discretion. Mitchell v. Moore, 406 So.2d 347 (Ala.1981). Suffice it to say that appellant made no such showing in this case.
*1332 This case is affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.