Opinion of the court by
Judge Wood:
On the trial, the testimony was amply sufficient to justify the jury in finding a verdict for the defendant; or, in other words, in finding the facts setup in the special plea true. The second point, therefore, made in the motion, may be laid out of view as overruled, and it. only remains to consider whether the facts set up in the plea constitute a legal defense to the action; if so, judgment must be entered on the verdict; but if they do not, the motion must be sustained, or the judgment arrested.
Are the facts set up in the plea a bar to the action ?
• The law has been long settled in England, and in many of the states, of this Union, that an executory contract, founded on an agreement to compromise, stifle, or conceal a felony, can not be enforced. Chit, on Con. 219; 2 Kent’s Com. 366; 116 Mass. 368. Kent says, the consideration of an agreement must not be repugnant to law, sound policy, or good morals. Ex turpi contractu actio non oritur; and no person, as far back as the feudal ages, was permitted to stipulate for iniquity. That contracts are illegal when founded on a consideration contra bonos mores, or against the principles of sound policy, or founded in fraud, or in contravention *of the positive provisions of some statute law. In action upon a bond given for compounding a prosecution for perjury, it was argued in Support of the action, that no averment could be admitted of the bond having been given for such a consideration, because it did not appear in the condition. But to this.it was answered by Lord Chief Justice Wilmot: “That the manner of the transaction was to gild over and conceal the truth; and whenever courts of law see such attempts made to conceal such wicked deeds, they will brush away the cobweb varnish, and show the transactions in their true light. This is an agreement to stifle a prosecution for willful and corrupt perjury — a crime most detrimental to the commonwealth ; for it is the duty of every man to prosecute, appear against, and bring offenders of this sort to justice. This is a contract to tempt a man to transgress the law; to do that which is injurious to the community; it is void by the common law, and the reason why the common law says such contracts are *79 void, is for the public good.” Collins v. Blautem, 2 Will. 341,^ cited in Com. on Con. 62. On the trial, the plaintiff’s counsel conceded the application of these principles, where the contract is executory, but ingeniously and ably argued, that the mortgage was1 not of that character. What we understand by an executory contract is where something remains in fieri, for if all the conditions are performed, it is executed, and not executory. This mortgage is conditioned for the payment of five hundred dollars. Its operation is to secure a lien on the land it covers for that amount. The condition is a contract under seal — a covenant to pay. The amount has not been paid, and this scire facias is instituted to charge the lands with execution for its recovery. Something, then, remains in fieri — the payment of the money. To obtain such payment, the plaintiff calls on the court to aid him to enforce this contract. The contract, then, is executory, for the plaintiff is yet to receive the reward of his promise to endeavor to stifle the prosecution. But suppose we are wrong in this view of the case, and that the original contract was executed in giving the mortgage, and suppressing the prosecution; the law is, in executed contracts, that the parties are to be left precisely as they are found. The law lends no aid to either plaintiff or defendant. The plaintiff may possess his mortgage, he may receive the amount of money in its ^condition secured, but he must do so without the aid of the law.
It is now said, however, that such contracts are lawful in Ohio, because no statutory provision makes them unlawful. This argument is answered by the court, in a case between these parties, in 4 Ohio, 418. The principles laid down by Kent, before cited, and in 2 Har. Ev. 87, are fully recognized; that “ any contract, the consideration of which is to conceal a crime, or stifle a prosecution, is necessarily repugnant to public policy; and it is a settled rule of law, that all contracts, whose consideration is contrary to public policy, are void.” The court say further, “ it is unnecessary to inquire, whether such contracts are positively prohibited by law; or whether it is in all cases the legal or moral duty of an individual cognizant of the commission of a crime, to make a disclosure to the proper authorities. Admitting the existence of cases, where silence would be excusable, it by no means follows, that an express contract, to conceal the offense, or smother a prosecution, must be sanctioned by law, or enforced by the judicial *80 tribunals of the county.” As a general rule, it may, however, ba truly said, that public policy requires of every individual citizen, as a civil duty, to assist, as far as is reasonably within his power, in the administration of criminal justice, and when any agreement is calculated to prevent the faithful discharge of this duty, public policy declares it void.
It is said, that the agreement to. stifle the prosecution, is not the only consideration, but that the mortgage was given to secure the amount honestly due, for stolen property, also. This may be so, but in Croke. Eliz. 199, and Sid. 38, cited in Com. on Con. 34, it is said, “if one of the considerations is unlawful, that vitiates the whole, and the plaintiff shall recover for nothing.” This rule is certainly very properly applied to the present case, where a part of the consideration is clearly illegal, and no part of it, from any evidence we have heard, to be distinguished from the rest; the entire agreement must be considered void. The motion for a new trial is overruled, and judgment must be entered on the verdict for the defendant.