# Kelly *v.* Mobile Building and Loan Association.

## Ejectment by Mortgagee.

1. *Loan of money by private corporation, on mortgage.*—Building and loan associations being authorized by statute to lend money to their shareholders, secured by mortgage on real estate, on such terms and conditions as may be prescribed by their by-laws (Code, § 1943, subd. 5), such a loan is not *ultra vires,* although it may be in contravention of the by-laws.

2. *Usury in mortgage debt; how available as defense.*—Usury in a debt, secured by mortgage, does not affect the validity of the mortgage, and is not available, at law, in defense of an action founded on the mortgage.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. HARRY T. TOULMIN.

This action was brought by the appellee, a private corporation, chartered under the laws of Alabama, against Jerry Kelly, to recover the possession of a city lot in Mobile, which the plaintiff claimed under a mortgage executed to it by said defendant. The cause was tried on issue joined on the plea of not guilty. The plaintiff's mortgage was dated the 28th June, 1872; recited an indebtedness of $2,000, for which the defendant had executed his promissory note; and was conditioned as follows: "Upon these express conditions, that if the said Kelly shall well and truly pay to the said Mobile Building and Loan Association, monthly, the sum of twenty-five dollars, as rent for said property, and shall keep the same in good repair, and shall promptly pay all taxes lawfully assessed thereon, and shall pay to said association the sum of $2,000, according to the tenor and effect of his certain promissory note, of even date herewith, payable one year after date, then these presents shall be null and void," &c. On the trial, as the bill of exceptions shows, the plaintiff "offered evidence to prove that said association was a body corporate, duly incorporated under the laws of Alabama," and

then introduced the mortgage under which he claimed title. The defendant objected to the admission of the mortgage, on the ground that it showed on its face that the transaction was usurious. The court overruled the objection, and admitted the mortgage; to which rulings the defendant excepted. The plaintiff here closed; and the defendant then offered in evidence the charter of said association, or declaration of the purposes and objects of the corporation, as filed in the office of the probate judge, in 1869, under the general statute relating to the organization of private corporations. These articles contained the following (with other) provisions: 2. "The purposes and objects of the association are hereby declared to be, to purchase, hold, and convey real estate; to loan money thereon to members of the association, for building purposes, to be secured by lien on the land and buildings; to rent and dispose of such property, when acquired, in such form and manner as by the by-laws may be provided." 3. "The capital stock shall be $200,000, and shall be divided into *five* hundred shares, of *five* hundred dollars each. Upon every share of stock subscribed, there shall be paid five dollars on the first Monday of every month thereafter, until the dissolution of the association; and every member shall be liable, on the books of the association, for the value of his share or shares subscribed." 4. "The fund thus created, and all accumulations arising from the conduct of the business of the association, shall be applied as provided in the second section hereof; and the association shall proceed to active operations, when one hundred shares of the capital stock of the association are subscribed, and the first assessment paid in." The defendant offered in evidence, also, the by-laws of the association, regulating the loan of its funds; and they were admitted as evidence, without objection. The defendant then testified, in his own behalf, "that he was a member of the said association, and borrowed $2,000 from it, for which he gave his note, and executed the said mortgage; and that the transaction was a common loan to him, on his note and mortgage, at the office of the association." The defendant's counsel then proposed to ask him these questions: "For what purpose did you borrow the money?" "Was the money loaned to you by the company for building purposes?" "Did the company lend you the money to erect buildings on the land?" The plaintiff objected to each of these questions, and the court sustained the objections; to which rulings the defendant excepted. The defendant then "proposed to prove, by his own testimony, all the facts under which said money was borrowed from said association, and said mortgage executed by him to said association, in order that it might ap-

[Kelly v. Mobile Building and Loan Association.]

pear whether said transaction was valid under the charter and by-laws of said corporation and the laws of Alabama;" but the court would not allow the testimony to be given, "holding that the evidence, if introduced, would be irrelevant and immaterial;" to which ruling the defendant excepted. The rulings of the court on the evidence to which exceptions were reserved, as above stated, are now assigned as error.

STEWART & PILLANS, for appellant.

S. CROOM, contra. (No briefs on file.)

BRICKELL, C. J.—The lending of money to shareholders, on mortgages of real estate, on such terms and conditions as may be prescribed by the by-laws, is one of the express powers conferred on building and loan associations. Code of 1876, § 1943, subdivision 5. The loan to the appellant may not have been in conformity to, or may have been in contravention of, the by-laws of the association; but it was not *ultra vires*. By-laws of a corporation are not enforced by avoiding contracts made in violation of them.—Ang. & Ames on Corporations, § 362.

The mortgage debt may be tainted with usury. But usury does not render the debt or mortgage void. The principal sum loaned remains a debt, for which the mortgage is a valid security. A court of equity, on a bill to redeem, will relieve the mortgagor from the payment of usurious interest. In a court of law, the mortgage is more than a security for a debt: it creates a direct, immediate estate in lands,—a fee simple, unless otherwise limited.—*Welsh v. Phillips*, 54 Ala. 309. An action of ejectment is a legal remedy the mortgagee may pursue for the recovery of the premises. In that action, there can be no defense made, which could not be made if the conveyance was absolute; no inquiry into the consideration of the debt, or of its validity.—*Doe v. Roll*, 7 Ham. Ohio, 401. A court of equity, in which each party can be compelled to do equity, is the appropriate forum for the consideration of all other questions, than fraud in the execution of the conveyance.—*Morris v. Harvey*, 4 Ala. 300.

There is no error in the rulings of the Circuit Court, and the judgment must be affirmed.