# Powell v. Crawford.

*Statutory Action of Detinue.*

1. *Usury; when plea setting it up insufficient.*—When the defense of usury is interposed by plea, the terms and nature of the alleged usurious agreement must be stated with distinctness; and where, in an action of detinue, brought by a mortgagee against his mortgagor to recover property conveyed in the mortgage, a plea of the defendant that the consideration of the mortgage, under which the plaintiff claimed title, was usurious interest, and that the mortgage was void on account of such usury, except as to a small amount, and that the usury is included in the mortgage, without setting out the terms and nature of the usurious agreement, is fatally defective as presenting the defense of usury.

2. *Usury in the mortgage debt not available as a defense.*—Usury in a debt secured by mortgage does not affect the validity of the mortgage, and is not available in defense of an action at law founded on said mortgage.

3. *Plea presenting no issuable defense demurrable.*—A plea that is vague, uncertain and wholly lacking in averments presenting a defense on which plaintiff could be required to take issue, is insufficient and subject to demurrer

4. *Same; set-off no defense.*—In an action of detinue, brought by a mortgagee against his mortgagor for property conveyed in the mortgage, a plea which sets up by vague and uncertain allegations that the mortgage under which the plaintiff claims title to the property sued for was given by the defendant in order to obtain advances from the plaintiff to enable the defendant to make a crop for the then current year, but, by reason of the defendant's refusal to make the necessary advances the defendant was subject to great inconvenience and expense in making other arrangements, and in which he seeks to set-off the amount of expense thereby incurred against the amount due on the mortgage, is demurrable, because its averments are vague and uncertain and do not present a defense on which the plaintiff could be required to take issue.

5. *Action of detinue; when plea of payment of mortgage insufficient,* In an action of detinue founded on a mortgage, a plea that "defendant pleads in issue the amount due on said mortgage, and says there is nothing due upon it at all," is defective as a plea in bar, and is not sufficient as the suggestion contemplated by the provisions of the act amending section 2720 of the Code (Acts 1892–93, p. 1127), providing

that the defendant may, on suggestion, require the jury to ascertain the amount of the mortgage debt.

6. *Plea of void consideration.*—In an action of detinue founded upon a mortgage, a plea "that the consideration of the mortgage upon which plaintiff relies to recover is void," is defective and subject to demurrer, for not setting out the facts relied on to show the invalidity of the consideration.

7. *Want of consideration in the mortgage as a defense.*—Under the provisions of the act amending section 2720 of the Code (Acts 1892-93, p. 1127), the defendant in a suit at law, founded upon a mortgage, may plead against the mortgage any defense which would be good against the debt secured thereby, if the suit had been brought on such debt; and in a detinue suit, where the plaintiff's title to the property sued for is based upon a mortgage, the defendant mortgagor may defend on the ground of want or failure of consideration for the mortgage, and pleas properly presenting such defense should be sustained.

8. *Pleading and proof; how defects to insufficient pleas should be taken advantage of.*—Where pleas are defective, but are not frivolous on their face, the proper practice requires that their sufficiency should be tested by demurrer, and not by motion to strike such pleas from the file.

APPEAL from the Circuit Court of Dale.

Tried before the Hon. J. M. CARMICHAEL.

This was a statutory action of detinue, brought by the appellee, J. R. Crawford, against the appellant, F. A. Powell. The defendant pleaded the general issue, and the following special pleas : "Second. For further answer to the complaint, he pleads that the plaintiff claims title to the property sued for by virtue of a mortgage, which he now holds, and that he has or claims no other title or right in and to the property sued for, than that which he claims by virtue of said mortgage ; and that plaintiff has never had the possession of the property ; and that the mortgage under which the plaintiff claims title and sues to recover, was procured through deceit and fraud, and is void for the fraud practiced by the plaintiff upon the defendant in procuring its execution. That some time near the first of the year 1891, defendant made arrangements with P. L. Burdeshaw to have Burdeshaw furnish him, defendant, supplies to the amount of fifty or seventy-five dollars, during the spring of the year 1891, to enable defendant to make a crop in that year ; and it was agreed that defendant should make to Burdeshaw a mortgage on the crop to be grown

[Powell v. Crawford.]

by defendant in Dale county, Alabama, in the year 1891, to secure the amount to be advanced to him by Burdeshaw as aforesaid, together with an old indebtedness which he then also owed Burdeshaw; that defendant was and is an illiterate man, unable to read or write; that when the arrangements were agreed upon, he and his wife, who was also an illiterate person, unable to read or write, went, as was agreed, to make a mortgage to said Burdeshaw; that Burdeshaw and plaintiff, in whose honesty defendant had confidence, took advantage of the ignorance and illiteracy of defendant and his said wife, and falsely represented to them that the instrument prepared for them to sign was the mortgage to said Burdeshaw, which it had been agreed that defendant should make to Burdeshaw, as aforesaid; that defendant and his wife believed that Burdeshaw and plaintiff had told them the truth about the contents of the paper prepared for them to sign, and not knowing that it was any other than a mortgage and note to Burdeshaw as was agreed, signed it, believing it to be such mortgage to Burdeshaw as was agreed upon; that after the maturity of the note and mortgage thus signed, defendant, for the first time learned, when plaintiff presented it to him for collection, that he had been deceived into making to plaintiff a note and mortgage; and that defendant did not owe plaintiff anything on any account, and would not knowingly have made him a mortgage.

"Third. For further answer he pleads that he does not know what the consideration of the said mortgage to plaintiff can be, since he does not owe plaintiff any debt or amount whatever; but, if plaintiff claims as his the said old indebtedness which defendant owed to said P. L. Burdeshaw, at the time he was deceived into executing the said mortgage to plaintiff, defendant then pleads that the said old indebtedness to said Burdeshaw consisted of the several balances left over from year to year running through several years' transactions between defendant and said Burdeshaw; that Burdeshaw had at this time been furnishing defendant money to large amounts for several years, always charging him 20 per centum per annum of usurious interest on the amount so furnished each year; and that the entire amount of the old indebtedness, which amounted to several hundred dollars, was usury; and that if the

amount set out in said mortgage to plaintiff consists of the indebtedness of the defendant to said Burdeshaw, it is all usurious interest, and void for the usury except about ten dollars, and that the usury is included in the mortgage.

"Fourth. For further answer to the complaint he pleads as follows : That as a part of the consideration upon which defendant was to sign said mortgage, which he believed, as aforesaid, was a mortgage to said P. L. Burdeshaw, it was agreed that Burdeshaw was to furnish to defendant, to enable him to make his said crop in the year 1891, in Dale county, Alabama, such goods, wares and merchandise as defendant should want and need during the spring of the year, to the amount of fifty or seventy-five dollars worth ; that defendant planted his crop and made his arrangements in full reliance upon and faith in Burdeshaw's agreement to furnish him these goods, wares and merchandise, having executed his part of the agreement, as he thought, by making said mortgage which he believed to be a mortgage to Burdeshaw ; that after Burdeshaw had furnished him about fifteen dollars worth on this agreement, he refused to furnish him any more ; that this refusal was just at a time when defendant most needed the assistance Burdeshaw had agreed to give him ; that having incumbered his property he was unable to procure, at the time when he needed it, assistance from any other source ; that said Burdeshaw well knew of defendant's inability to raise money or get assistance from other sources, and well knew that defendant would suffer great damages on account of his, Burdeshaw's, failure and refusal to furnish said goods ; that he also knew of the fact that defendant's crop would suffer on account of his breach of his contract ; that defendant had large crops of corn, cotton, peas, potatoes, cane, ground peas and other crops planted and growing which needed immediate attention, which Burdeshaw well knew ; that defendant was forced to neglect his said crop and to incur a large lot of expenses, to-wit, fifty dollars, in making new arrangements for other aid ; and that his said crops were necessarily so neglected on account of the failure to receive the aid Burdeshaw had promised, that they produced less than they would if said Burdeshaw had not broken

his contract and caused this neglect, by five hundred dollars worth, and defendant pleads the fifty dollars expenses and the said five hundred dollars damages to his said crop, as a set–off against the amount due on said mortgage, and that plaintiff well knew of said agreement from the first.

"Fourth ½. For further answer to the complaint, defendant puts in issue the amount due on said mortgage, and says there is nothing due upon it at all.

"Fifth. For further answer to said complaint, defendant says that the consideration which said mortgage expresses has failed entirely, because defendant never received one cent of the amount therein set forth, nor any other sum on account of said mortgage.

"Sixth. For further answer to the said complaint he says there is no consideration for the mortgage upon which plaintiff relies to recover.

"Seventh. For further answer to the complaint, he says that the consideration of the mortgage upon which plaintiff relies to recover is void."

On motion of the plaintiff, the several pleas copied above were striken from the file. Issue was joined on the remaining pleas, and upon the trial of the cause judgment was rendered for the plaintiff. The defendant appeals, and assigns as error the ruling of the court in striking the pleas of the defendant from the file of the cause.

SOLLIE & KIRKLAND, for the appellant.

ESPY & FARMER, *contra*.

HARALSON, J. The complaint is in detinue by J. R. Crawford, the appellee, against F. A. Powell, the appellant. The defendant pleaded the general issue and seven special pleas. The court on motion of the plaintiff struck out six of these pleas, and these rulings are the only assignments of error.

As a plea of usury, the 3d is wholly lacking in aver ments necessary to make it good.—Code, p. 797, form 38; *Munter v. Linn*, 61 Ala. 492; *Masterson v. Grubbs*, 70 Ala. 407; *Woodall v. Kelly*, 85 Ala. 374. Besides, usury in a debt secured by mortgage, does not affect the validity of the mortgage, any part of the debt remaining un-

paid, and is not available at law to defeat the action founded on the mortgage.—*Kelly v. M. B. & L. Asso.*, 64 Ala. 501; *Burns v. Campbell*, 71 Ala. 284.

The fourth plea is vague, uncertain and wholly lacking as presenting a defense on which plaintiff could be required to take issue.

Section 2720 of the Code, as amended, (Acts 1892–93, p. 1127), reads, that "If the suit is by a mortgagee or by his assignee against the mortgagor, or one holding under him, the defendant may, upon suggestion, require that the jury ascertain the amount of the mortgage debt, and such ascertainment must be entered on the record of the judgment, and the court must order, that if the debt so ascertained, interest and costs, be paid within thirty days, no execution or other process shall issue on the judgment; and on payment thereof to the plaintiff or to the clerk for his use, the clerk must on the face of the record of the judgment, endorse the fact of such payment, and after such payment the plaintiff shall be deemed the unsuccessful party, within the meaning of the succeeding section, and before or after the last day of the mortgage, the defendant may plead to the consideration of the instrument relied upon. To show title the plaintiff may plead payment, accord and satisfaction, or otherwise, as he could to a note or other obligation made for the payment of money." It is clear, that the defendant may plead against the mortgage, any defense which would be good against the debt secured by it, if the suit had been brought on it. But, plea 4½ is not the suggestion contemplated by said section 2720 of the Code as amended. It is distinctively a plea in bar. As such it is defective. It is not good as a plea of payment of the mortgage debt; and the allegation that there is nothing due on the mortgage at the time the plea was filed, does not negative the fact, that something may become due on it in the future.

The seventh plea was bad. It does not set up the facts relied on to show the mortgage was void.

The 5th and 6th pleas should not have been stricken out. They set up, the one, a failure, and the other, a want of consideration in the mortgage. Section 2720 of the Code as amended authorizes such pleas to be interposed by the mortgagor.—*Lewis v. Simon*, 101 Ala. 547. As to the 5th plea, it may be added, that if it be said,

that it does not negative the receipt of money on said mortgage by some one entitled to receive it, that was matter for a replication to the plea. As it is, it must be held to be good.

For striking out these two pleas, the cause must be reversed. The proper practice to dispose of the other pleas we adjudge bad, was by demurrer to them, to test their sufficiency, rather than by motion to strike them out. The pleas were not frivolous on their face. If demurred to for defects pointed out, the defendant might have amended and cured such defects ; but, when stricken out, on a general motion, alleging no defects, the defendant was deprived of this opportunity.—*Lindsay v. Morris*, 100 Ala. 550.

Reversed and remanded.