(79 South. 194)

CLARKSON v. PRUETT et al. (7 Div. 917.)

(Supreme Court of Alabama. June 6, 1918.)

1. EJECTMENT ⊜26(3)—DEFENSES—FRAUD.

In ejectment, the defense that the deed under which plaintiff claimed was procured by fraud, in that she had induced an old man to execute it in consideration of her promise to marry him, which she did not intend to perform, was available.

2. DEEDS ⊜70(8)—FRAUD—FALSE PROMISE.

A promise to marry the grantor, which the grantee did not intend to perform, constitutes fraud which will invalidate the deed.

Appeal from Circuit Court, Clay County; Hugh D. Merrill, Judge.

Action by Mary E. Clarkson against B. W. Pruett and others. From the judgment rendered, plaintiff appeals. Affirmed.

Ross Blackmon, of Anniston, and Riddle & Riddle, of Talladega, for appellant. Cornelius & Lackey, of Ashland, for appellees.

SAYRE, J. [1] Action in the nature of ejectment tried by the court without a jury. The only assignment of error discussed in the briefs is that which says the court erred in rendering judgment for defendants, appellees. It was urged against the deed under which plaintiff claimed, among other things, that it had been procured by fraud in that plaintiff, a young woman, had induced the grantor, an old man now deceased, to execute the same in consideration of her promise to marry him —a promise she had at the time no intention to perform. This defense was available in ejectment (Prestwood v. Carleton, 162 Ala. 327, 50 South. 254), and its consideration has been deemed sufficient for a proper disposition of the case in this court.

[2] Fraud must relate to an existing fact; but the authorities sustain the proposition that, if a man buys property on credit, having at the time the intention not to pay for it, his promise to pay is a false token whereby fraud is effected. The real fraud is the expressed or implied false representation of his intention to pay. McCready v. Phillips, 56 Neb. 446, 76 N. W. 885; Dowd v. Tucker, 41 Conn. 197; Goodwin v. Horne, 60 N. H. 485; Chicago, T. & M. Ry. Co. v. Titterington, 84 Tex. 218, 19 S. W. 472, 31 Am. St. Rep. 39. To the same effect we cite the note (e) to section 877 of the junior Pomeroy's third edition of Pomeroy's Equity Jurisprudence, where it is said that a promise, made with the intention in the mind of the promisor not to perform, may be a misrepresentation of a subsisting fact, and hence a fraud, referring to Edgington v. Fitzmaurice, L. R. 29 Ch. Div. 459, Becker v. Schwerdtle, 141 Cal. 386, 74 Pac. 1029, Brison v. Brison, 75 Cal. 527, 17 Pac. 689, 7 Am. St. Rep. 189, McCready v. Phillips, supra, Hill v. Gettys, 135 N. C. 373, 47 S. E. 449, Stebbins v. Petty, 209 Ill. 291, 70 N. E. 673, 101 Am. St. Rep. 243, and Chicago, T. & M. C. Ry. Co. v. Titterington, supra. These cases support the proposition of the note. In Edgington v. Fitzmaurice, 29 Ch. Div. 459, 483, occurs Lord Bowen's well-known dictum that:

"The state of a man's mind is as much a fact as the state of his digestion. It is true that it is very difficult to prove what the state of a man's mind at a particular time is, but if it can be ascertained it is as much a fact as anything else."

There can be no good reason why this rule of law should not apply to the transaction under review. There was quite enough evidence, some of it found in subsequent declara-

---

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tions of the plaintiff, to justify the trial court in a finding in agreement with defendants' contention that plaintiff's deed was procured by fraud of the sort stated above. The trial court saw and heard the witnesses, and we are unable to say that the court may not properly have considered the evidence as clear and convincing to the conclusion of fraud. Such being the case, the judgment of the court must be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.