(130 So. 226)

McCORMICK et al. v. McCORMICK et al.
5 Div. 40.

Supreme Court of Alabama.
Oct. 9, 1930.

Walter S. Smith, of Birmingham, for appellants.

John W. Overton, of Wedowee, Pruet & Glass, of Ashland, and Denson & Denson, of Opelika, for appellees.

BOULDIN, J.

Bill in equity for sale of lands for division among tenants in common.

The respondents deny the title of complainants and set up title in themselves.

All parties claim through James McCormick, the unquestioned owner of the lands at the time of his death in 1897.

Complainants are his heirs at law or their privies in estate.

Respondent E. W. McCormick, one of the sons of decedent, claims exclusive ownership in himself by virtue of a deed from his mother, Eliza McCormick, the widow of decedent. Other respondents claim under him.

The lands consist of one hundred sixty acres, the homestead of decedent, and after his death occupied by his widow until her death in 1916. There were no minor children.

The title in fee in the widow is rested upon the statute of force at the time of decedent's death whereby the homestead, not exceeding in area and value the homestead exempt to the widow, and being all the lands owned by the decedent, vested in fee eo instanti without judicial proceedings to set the same apart to the widow.

The title of E. W. McCormick under the deed from his mother, the widow, is attacked upon two grounds: First, want of title in the widow to other than a life estate, because (a) the decedent owned another forty acres at the time of his death, and (b) the value of the homestead exceeded $2,000 at the time of his death; and, second, the invalidity of the deed itself, because of (c) mental incapacity of the grantor and (d) undue influence in the procurement of such deed.

Respondents took issue upon these several grounds. Among other things, respondents interposed a plea of res adjudicata showing that after the death of the widow these complainants, or their predecessors and privies in title, brought suit in ejectment against E. W. McCormick in the proper jurisdiction for the lands here involved; that the suit was defended upon the title conveyed by the deed in question, resulting in verdict and judgment for defendant which remains unreversed.

Was this judgment conclusive as against this suit?

■ While under our statute two judgments in favor of defendant in ejectment founded on the same title are required to conclude the title, it is well settled that one judgment in ejectment is res adjudicata in all proceedings involving the title other than by suit in ejectment. Jenkins v. Raulston, 214 Ala. 443, 108 So. 47; Coleman v. Stewart, 170 Ala. 255, 53 So. 1020; Richardson v. Powell, 199 Ala. 275, 74 So. 364; Morgan v. Lehman, Durr & Co., 92 Ala. 440, 9 So. 314.

■ A judgment of a court of competent jurisdiction rendered on the merits is conclusive between the parties as to all matters within the issues, matters which the issues were broad enough to cover, and which were presented or might have been presented on the trial. McNeil v. Ritter Dental Manufacturing Co., 213 Ala. 24, 104 So. 230; Irwin v. Alabama Fuel & Iron Co., 215 Ala. 328, 110 So. 566.

■ Ejectment is the well-known and favored action for the trial of title to land.

■ The plea of "not guilty" puts the title in issue and, broadly speaking, any fact tending to defeat plaintiff's title or sustain that of defendant is within the issue. Code, § 7456; Bynum v. Gold, 106 Ala. 427, 17 So. 667; Torrey v. Forbes, 94 Ala. 135, 10 So. 320.

■ True, of course, merely equitable titles and defenses are not cognizable in a court of law, and are not litigated in an action of ejectment.

Appellant relies upon this principle to avoid the effect of the judgment in ejectment.

Does it apply here?

■ Certainly the title of respondent's grantor, her title in fee under the homestead law, was within the issue in the ejectment suit. So, also, the issue of mental incapacity to execute such deed, a matter going to the existence of a deed in fact.

■ This leaves the question of undue influence as invalidating the deed. Undue influence as between persons standing in confidential relations is involved. We need not consider whether, in the first instance, a bill to cancel the deed upon this ground would lie while the grantee was still in possession thereunder.

The inquiry is: Was this question within the issues and litigable in the action of ejectment?

We must answer in the affirmative.

■ Undue influence in the procurement of a deed or will is peculiarly a jury question. Under our statutes it is so triable in all will contests at law.

Undue influence is a species of fraud. Broadly speaking, fraud in the execution or procurement of a deed is cognizable at law, is available in an action of ejectment and in many other proceedings at law. Clarkson v. Pruett, 201 Ala. 632, 79 So. 194; Brown v. Hunter, 121 Ala. 210, 25 So. 924; Bain v. Bain, 150 Ala. 453, 43 So. 562; Loeb & Bro. v. Manasses, 78 Ala. 555; Mathews v. Mobile Mut. Ins. Co., 75 Ala. 85; 67 L. R. A. 867; 19 C. J. 1085, 1086; Warvelle on Ejectment, § 254; Newell on Ejectment, p. 449, § 16.

There are cases wherein a right to rescind for fraud is conditioned upon a return of the consideration, or otherwise doing equity in the premises. In such case a mere election to avoid the deed for fraud does not revest title, and hence the fraud is not available in ejectment. Davidson v. Brown, 215 Ala. 205, 110 So. 384.

No such case is presented by this record.

The primary equity of the present bill is the right of partition, the statutory equity to sell for division in a proper case. It is pertinent to note that where there is an issue of title in such case and respondents are in adverse possession, a jury trial is provided to try title as matter of right. So, in this case either party could, upon demand, have caused the issue of title to be submitted to a jury, res adjudicata not appearing. Thus our law contemplates preserving trial by jury on such issues, a jury trial in the partition suit in lieu of the suit in ejectment theretofore required.

We would not doubt that all issues of fact going to the question of title are litigable in the jury trial so provided in partition cases. This legislative policy re-enforces the argument that the questions of title involved in the present suit were within the issues in the ejectment suit, and are concluded thereby.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.