193 So. 167

**WILLIAMS et al. v. WILLIAMS.**

6 Div. 512.

Supreme Court of Alabama.

Jan. 11, 1940.

St. John & St. John, of Cullman, for appellants.

John H. Chapman, of Cullman, for appellee.

BOULDIN, Justice.

The appeal is from a decree overruling demurrers to a bill in equity.

A primary purpose of the bill is to effect a statutory redemption of lands sold under decree foreclosing a mortgage. Further relief sought is the cancellation of a deed for fraud in its procurement. This feature of the bill only is involved on this appeal.

Briefly stated, the bill discloses:

Prior to November 7, 1932, complainant, Elizabeth Williams, was the owner of a described tract of lands containing 97 acres. Her dwelling was located thereon. The property was then encumbered with three mortgages. On above date complainant executed to her son, Z. S. Williams, a deed to this property, on a recited consideration of one dollar and the assumption of the mortgage to the Federal Land Bank.

The deed recited that as part consideration, she reserved the sole use of her dwelling, one acre of land, and certain rights of pasture and necessary firewood for and during her natural life.

It is averred that in fact the full consideration agreed upon included the payment of the two other and smaller mortgages then outstanding so as to assure the grantor in the enjoyment of her home during her life.

It is averred the grantee failed to make any payment on these latter mortgages, that one of them being in default, the lands were sold under a decree of foreclosure and purchased by T. A. Smith, who is made corespondent.

The following averments were made by amendment:

" 'Complainant avers that she relied on the promise and agreement of respondent, Z. S. Williams, as stated above, that he would pay the indebtedness secured by such mortgages, and in reliance thereon was induced by the respondent, Z. S. Williams, to execute to him the deed, a copy of which is attached as Exhibit A. to the bill, and the complainant alleges that at the time the

respondent, Z. S. Williams, promised and agreed to pay the indebtednesses secured by the mortgages to H. O. Holmes and Ella Hubbard by which she was induced to execute such deed, he had no intention of paying the same, and has not paid the same, or any part of the same as he agreed to do.'"

Special grounds of demurrer directed to this feature of the bill were these:

"The facts set up in said phase or aspect of the bill as amended are insufficient to show fraud.

"The averment in said bill of complaint as amended that the respondent, Z. S. Williams had no intention of paying off the mortgages at the time of the execution of said deed states the mere conclusion of the pleader.

"The facts constituting the fraud alleged in the bill of complaint as amended are insufficient to constitute fraud.

"The averments contained in the bill of complaint as amended to constitute fraud state the mere conclusion of the pleader. * * *

"The representation made by the respondent, Z. S. Williams, to the complainant was promissory only."

Appellant insists there was error in overruling these grounds of demurrer.

Without question general averments of fraud, in effect no more than the conclusions of the pleader, will not suffice when challenged by demurrer. The bill should aver facts disclosing in what the alleged fraud consists, advising the respondent what he is called upon to defend. Harris v. Nichols, 223 Ala. 58, 134 So. 798; Hyman et al. v. Langston, 210 Ala. 509, 98 So. 564.

But this may be done in few or in many words, as the case may be. Thus, in a bill seeking to avoid a conveyance at the suit of existing creditors, an averment that the conveyance was voluntary, without any valuable consideration, discloses constructive fraud, and is sufficient.

It is now settled in our jurisprudence that a promise, made with the intention in the mind of the promisor not to perform, may be a misrepresentation of a subsisting fact, and if material and relied upon as an inducement to the contract, is a fraud.

"The real fraud is the expressed or implied false representation of his intention to pay."

" 'The state of a man's mind is as much a fact as the state of his digestion. It is true that it is very difficult to prove what the state of a man's mind at a particular time is, but if it can be ascertained it is as much a fact as anything else.' " Clarkson v. Pruett et al., 201 Ala. 632, 79 So. 194; Fields et al. v. Fields, 211 Ala. 649, 101 So. 588; Birmingham Warehouse & Elevator Co. v. Elyton Land Co., 93 Ala. 549, 9 So. 235; Manning v. Pippen, 86 Ala. 357, 5 So. 572, 11 Am.St.Rep. 46.

The averments in Manning v. Pippen, supra, touching the fraudulent promise, and the demurrers thereto, appear on page 358 of 86 Ala., 5 So. 572, 11 Am.St.Rep. 46. Held, the demurrers should have been overruled. The promise relied upon in that case was to make a will, which was relied upon as an inducement to make the deed.

Said the court [86 Ala. 357, 5 So. 575, 11 Am.St.Rep. 46]: "If there was a fraudulent intent in obtaining the deed without intention to make the will, and pursuant to it the will was not made, then the question of the statute of frauds becomes immaterial. The fraud will vitiate the transaction, and remit the complainant to the rights he had before the execution of the deed, and the conduct of the wife after the execution of the deed may be looked to as aids in determining what her intention was when she obtained the deed."

In pleading, the facts which disclose fraud, not the detailed evidence by which it is proposed to prove them, must appear with certainty to a common intent. Our cases sustain the ruling here presented.

Hawkins v. People's Trust & Savings Bank, 215 Ala. 598, 111 So. 641, read in the light of the pleading there considered, should not be construed at variance with our other cases.

We limit our decision to the questions presented. No implications as to our views on other equities should be indulged.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.