189 So.2d 129

**JIM WALTER CORPORATION**

v.

**Tommie RUSH.**

**I Div. 248.**

Supreme Court of Alabama.

July 14, 1966.

Lee B. Williams, Grove Hill, for appellee.

E. Graham Gibbons, Mobile, for appellant.

COLEMAN, Justice.

Plaintiff appeals from judgment for defendant in statutory action in the nature of ejectment to recover one acre of land.

To the complaint in code form, defendant pleaded the general issue. Under that plea, defendant may give in evidence the same matters which may be given in evidence under such plea in an action of ejectment. § 941, Title 7, Code 1940.

The principal question on this appeal is whether certain evidence offered by defendant was admitted without error.

Under date of May 11, 1960, defendant and her husband executed to plaintiff a mortgage on the land in suit. The mortgage was given to secure payment of a monthly installment note due from defendant and her husband to the plaintiff. The note was given by defendant and her husband in consideration of the erection of a house on the land by plaintiff.

On January 21, 1963, plaintiff foreclosed the mortgage under the power therein contained and became the purchaser at the foreclosure sale. Foreclosure was had after default in payment of the mortgage debt. Defendant's husband died prior to foreclosure of the mortgage. Monthly payments were made on the mortgage up until the husband's death and two payments were made after his death.

The defense made by defendant is that plaintiff's representative, with whom defendant and her husband negotiated the loan, represented to defendant and her husband that the mortgage debt was insured so that if either defendant or her husband died the debt would be paid in full, that such representation was false, and, therefore, defendant was relieved from the obligation to pay the mortgage debt, wherefore plaintiff was not entitled to foreclose the mortgage and is not entitled to recover the land in this action.

At the outset, we note that defendant did not request the affirmative charge, either with or without hypothesis.

Plaintiff introduced into evidence four instruments of writing, to wit:

1. Mortgage of the land in suit from defendant's husband and defendant to plaintiff.

2. Assignment of the mortgage by plaintiff to Mid-State Homes, Inc.

3. Assignment of the mortgage by Mid-State Homes, Inc., back to plaintiff.

4. Foreclosure deed executed by the auctioneer purporting to convey the land to plaintiff as purchaser at foreclosure of the mortgage under the power of sale therein set out.

After introducing the four instruments, plaintiff rested. At this time, there had been no proof of prior possession or any possession at all by plaintiff; and there had been no proof that plaintiff's grantors, defendant or her husband, had ever been in possession of the land.

In order to discharge its burden to show, at least prima facie, a right to recover, it was necessary that plaintiff show a regular chain of title back to some grantor in possession or to the United States. Florence Building & Investment Association v. Schall, 107 Ala. 531, 18 So. 108; Henry v. Brannan, 149 Ala. 323, 42 So. 995; The Trial of an Action in Ejectment, Robert T. Milner, 3 Ala.Law No. 2, page 155, April 1942.

Plaintiff rested before it proved a prima facie case, but defendant then proceeded to offer evidence to prove that the mortgage was void because of the fraud allegedly practiced by plaintiff's agent who represented plaintiff in the negotiations leading up to and culminating in the execution of the mortgage by defendant's husband and defendant. The case was tried on the theory that plaintiff is entitled to recover unless the mortgage is to be avoided for the alleged fraud of plaintiff's agent; but that if plaintiff's agent was guilty of the fraud then plaintiff was not entitled to recover; and that it was for the jury to say whether plaintiff's agent was guilty of fraud or not.

Plaintiff objected to admission of the testimony which showed that plaintiff's agent represented that insurance would be provided on the life of the mortgagors whereby the mortgage debt would be paid in event either one of them died. Plaintiff's objections were overruled and plaintiff asserts that these rulings were error because, in ejectment, defendant cannot impeach the consideration of the mortgage nor show the original absence or subse-

quent failure of consideration to avoid the mortgage.

Defendant replies that in ejectment, defendant may introduce any evidence which will bar plaintiff's right to recover, and, that if the mortgage was procured by fraud, the mortgage has no existence in a court of law or equity and does not convey the legal title to plaintiff, wherefore plaintiff cannt recover.

Plaintiff replies that fraud not going to the execution of the mortgage, as by misreading it or misrepresenting its contents, or the like, is not available to nullify the mortgage in defense of ejectment in a court of law; and that any relief for fraud in the inducement which caused defendant and her husband to execute the mortgage must be sought by defendant in equity.

The question for decision comes to this: In an action of ejectment, is defendant permitted to show as a defense that in obtaining the conveyance under which plaintiff claims title, plaintiff was guilty of fraud in the inducement as distinguished from fraud in the execution or procurement of the conveyance.

In Morris v. Harvey, 4 Ala. 300, in an action of detinue for a slave, plaintiff contended that his deed to defendant, under which defendant claimed, was void for fraud in the execution, or, if not fraudulent, the deed was not supported by adequate consideration. This court said that plaintiff was shown to be illiterate, but it was certain that the deed was drawn at his request and in conformity to his wishes as previously expressed, and that there was nothing in the case "to warrant the inference of fraud in the execution of the deed, and therefore it cannot be impeached, however inconsistent the acts of the grantee may have been to the trust, if any existed." The court further said, as to the inadequacy or want of consideration, " * * * the current of decision is uniform to show that this is not the subject of inquiry at law."

In Kelly v. Mobile Building and Loan Association, 64 Ala. 501, in ejectment by a mortgagee, the defendant objected to the admission of the mortgage on the ground that it showed on its face that the transaction was usurious. The trial court overruled defendant's objections and this court affirmed, saying, that, in ejectment, there can be " * * * no inquiry into the consideration of the debt, or of its validity.—Doe v. Roll, 7 Ham.Ohio, 401." This court said further:

" * * * A court of equity, in which each party can be compelled to do equity, is the appropriate forum for the consideration of all other questions, than fraud in the execution of the conveyance.—Morris v. Harvey, 4 Ala. 300." (64 Ala. at page 503.)

In Doe v. Roll, supra, a mortgagee sued the mortgagor in ejectment. The mortgagor offered testimony that the mortgages were given to secure payment of one thousand dollars, in consideration of mortgagee's agreeing not to prosecute the son of mortgagor for theft. Mortgagor contended that the mortgages were founded on an illegal consideration and, for that reason, the court should not permit plaintiff to recover. Although the court had refused to grant a new trial to mortgagee, after defendant had recovered a verdict in a statutory scire facias proceeding based on the mortgage, Raguet v. Roll, 7 Ohio 76; in 7 Ohio R. 401 (7 Ham.Ohio 401), the court held that defendant's evidence to impeach the mortgage was improperly admitted and granted the mortgagee a new trial. In stating the reason for decision, the court considered the rule that, in the case of contracts based on illegal considerations, the law will not annul an executed contract but will not enforce an executory contract. The court said that it might be supposed that although a deed operates as an actual transfer of title, yet if it were necessary to sue to recover possession, the court would not enforce the right to recover. The court reasoned, however, that a mortgage conveys a condi-

tional fee and the case comes within the principle that the court will not merely not annul a contract executed on an unlawful consideration, but will even permit it to be enforced. The court said:

" * * * A mortgage is in reality an actual payment of the debt, as well as an actual transfer of the land, although in consequence of the land being sometimes greater in value than the debt, *an equity* was supposed to arise in favor of the mortgagor, which was called his right of redemption, and which is now extended to every case of a conveyance by way of mortgage. It is a mere equity then, an equity which is not recognised by a court of law, but only by a court of chancery; an equity which, proceeding on the ground that the debt has already been paid in one way, enables the grantor, on certain terms, to pay it in another. There is, then, no real difficulty in the case, however intricate the questions presented, may at first sight appear to be. * * * " (7 Ham.Ohio at pages 404 and 405.)

In Lomb v. Pioneer Savings & Loan Co., 106 Ala. 591, 17 So. 670, in statutory ejectment by mortgagee against mortgagor, this court affirmed a judgment for plaintiff and said:

"In an action of ejectment, or in the corresponding statutory real action, the legal title only is involved. The plaintiff can recover only on a superior legal title. The defendant can defeat a recovery only by legal defenses. The equities of the parties cannot be asserted or regarded. Mitchell v. Robertson, 15 Ala. 412; Nickles v. Haskins, Id. 619; McPherson v. Walters, 16 Ala. 714; You v. Flinn, 34 Ala. 409; 3 Brick. Dig. 325, §§ 33, 34. The mortgage passed the legal estate to the plaintiff, subject to be defeated by the performance of the condition in the manner and at the time appointed. The failure to perform the condition freed the estate from its defeasible quality, vesting the estate in the plaintiff absolutely. In a court of law there can be no inquiry beyond the legal title. A want of consideration for the mortgage debt, or a failure of the consideration, or usury infecting it, are matters cognizable only in a court of equity, which can mould and adjust its decrees to meet the rights and interests of the parties. That court may, if right and justice require it, direct the cancellation of the mortgage, removing it as a muniment of title, or compel a reconveyance, and it can compel the mortgagor to a restoration of whatever was received as the consideration of the mortgage. If there be any force in the contentions of appellant to which we have not averted specially, they are of equitable cognizance, exclusively, and have no pertinency or relevancy in this action. Kelly v. [Mobile B. & L.] Association, 64 Ala. 501." (106 Ala. at pages 599 and 600, 17 So. at page 672.)

In Davidson v. Brown, 215 Ala. 205, 110 So. 384, complainant filed a bill in equity to cancel a deed which complainant had executed to respondent. Grounds for relief were, (1) Respondent's fraudulent misrepresentation that the paper complainant signed was merely an agreement to execute a deed of real estate in exchange for real estate owned by respondent when the paper signed by complainant was an absolute conveyance, and (2) Respondent's fraudulent misrepresentation that his own property was free from encumbrance when it was subject to a mortgage. This court affirmed a decree granting the relief prayed by cancelling complainant's deed to respondent, and, with respect to the two grounds of relief, said:

" * * * On the first ground—the instrument being a legal nullity—complainant would be entitled to relief by cancellation only upon a showing that she was in possession of the lot at the time of filing suit. (Citations Omitted.) But on the second ground—the fraud going to the consideration and induce-

ment only, and the instrument being voidable merely—equity will intervene to declare a rescission of the contract and the surrender and cancellation of the deed, or a reconveyance of the property, regardless of complainant's want of possession. (Citations Omitted.)

"In such a case there is no remedy by ejectment at law, because fraud not going to the execution of the deed, as by misreading it to the grantee, or misrepresenting its contents, or the like, is not available in a court of law to nullify the deed, and rescission by the vendor, though effective in other respects, does not revest in him the title to land once fully vested in the purchaser. (Citations Omitted.) * * *." (215 Ala. at page 208, 110 So. at page 385)

In McPherson v. Walters, 16 Ala. 714, plaintiff, being seized in fee of land, induced defendant to purchase the land at execution sale under judgment against a third party. Plaintiff sued in ejectment but judgment was rendered for defendant. On appeal, this court reversed. We quote at some length from the opinion:

"If the defendant had been the purchaser from the plaintiff, had he paid the full price of the land under a promise that the plaintiff would forthwith make him titles—if this promise had been made with a fraudulent intent on the part of the plaintiff to obtain the purchase money and then to assert his legal title, yet the defendant could not defend himself at law against the legal title, and would be compelled to resort to a court of equity for protection. If a court of law could not protect the defendant in the case supposed, I do not see how it could, if the plaintiff, having the legal title, fraudulently induced the defendant to purchase at sheriff's sale, under an execution against one who had no title that could be sold. The title to land can pass only by deed, and an estoppel at law, which works a divestiture of title, can be

created, in my opinion, only by as high evidence. I have looked with some care into the English cases, but I have not found one in which a plaintiff at law was held to be bound by a parol estoppel, when the subject matter was such that the title could pass only by deed.—If the title could pass by delivery or by parol, then a party shall be bound by a parol estoppel, and cannot be permitted, after he has induced a party to act upon a supposed state of facts, to show that these facts are untrue, to the prejudice of him who has acted on his representations.— Pickard v. Sears, 6 Adol. & Ellis, 459; Hearne v. Rogers, 9 B. & C. 577; Graves v. Key, 3 B. & Ald. 318. 23 Eng.Com.L. Rep. 79. In the case of Rowe v. Johnson, 19 Maine Rep. 141 [146], it is said, 'that no verbal agreement respecting land can create an estoppel at law, for the title to land can pass only by deed, and no man can be barred of his right to land by way of estoppel, unless by record or deed.' In North Carolina, the title to slaves can only pass by instrument in writing; and in the case of Knight v. Wall, 2 Dev. & Battle [19 N.C. 125], it was decided that title to slaves could not be made out at law by a parol estoppel, and if fraud had been practiced on the party, he must seek redress in equity, but that such fraud could not at law convey to him the legal title. The cases of Bolling v. Mayor &c. of Petersburg, 3 Rand. 563,—Heard v. Hall, 16 Pick. [457] 460,—[Marshall v. Pierce] 12 N. H. 127,—Hamlin v. Hamlin, 1 App. 141, —seem also to recognise the doctrine that the owner, at law, is not estopped from asserting his legal title to the land, by a fraud committed by him on the defendant, and who, in consequence of the fraudulent acts of the plaintiff, has been induced to buy from one who had no title. I admit that cases may be found in the reports of some of the States of the Union, that seem to countenance a contrary doctrine. But when we reflect that a court of law can look only to the legal title, and that the legal title to land

cannot pass by parol in this State, it is difficult to perceive how a plaintiff at law shall be estopped from asserting his title merely because of his fraudulent acts or conduct, which render it inequitable or unjust for him to assert it. If a court of law, because of such conduct or acts, should stop short and refuse to give effect to the legal title, would it not be on account of the equities of the defendant? Yet we know that a court of law will not look to *or consider* the equity of a party in opposition to the legal title of the other. The better course, in my opinion, is to pursue the well-settled rule of law, and to permit the legal title to prevail at law, regardless of the equity the opposite party may have, and leave him to enforce his equitable rights in a court of chancery, which has power not only to arrest or enjoin the suit at law, but also to decree a conveyance of the legal title to him who in equity is entitled to it." (16 Ala. at pages 716 and 717)

In McCormick v. McCormick, 221 Ala. 606, 130 So. 226, in a suit in equity for sale of lands for division, this court said:

"True, of course, merely equitable titles and defenses are not cognizable in a court of law, and are not litigated in an action of ejectment." (221 Ala. at page 608, 130 So. at page 227)

In Ritter v. Moseley, 226 Ala. 648, 148 So. 143, this court affirmed a judgment for defendant in statutory ejectment on the ground that plaintiff failed to establish legal title in himself and was not entitled to recover. This court did not undertake to decide whether the evidence offered by defendant tended "to show such fraud as made the question one for the jury," but the court did say:

"While it is well settled that equitable defenses are not available in a court of law as a defense to an action of ejectment, it is also settled that a defendant so sued may show that a conveyance of the title on which the plaintiff relies was

obtained by fraud under such circumstances as to render it void, and this is a defense cognizable by a court of law. (Citations Omitted.)" (226 Ala. at page 652, 148 So. at page 146)

With the exception of one case hereinafter discussed, the authorities we have read appear to support the rule that " * * * in jurisdictions where equitable defenses are not available fraud which goes merely to the consideration of the deed and. not to its execution cannot be set up as a defense in ejectment, consideration not being a subject of inquiry in a court of law.' * * *" 19 C.J. 1086; 28 C.J.S. Ejectment § 44.

Other writers have said:

"There is, however, a distinction between equitable and legal fraud, and where this distinction continues to find recognition there are certain fraudulent practices that cannot be set up to defeat the title at law. Thus, misrepresentations, or false statements, would not be received where there is no question with respect to the execution of a deed, and, generally, all such forms of fraud as relate only to the consideration are cognizable only in equity. * * * " Warvelle on Ejectment, page 262.

"The rule is familiar, wherever the distinction between law and equity is preserved, that in a trial at law, fraud in the *execution of a deed* may be given in evidence, as that, through misreading, or the substitution of one paper for another, or by other device or trickery, he was induced to execute it, believing, at the time, that he was executing something else; and it may also be proven that what purports to be a deed is in truth not a deed, but a forged instrument; but it can not be proved that the transactions which preceded and induced the execution of the deed were fraudulent. * * *" Newell on Ejectment, page 649.

In an action of ejectment, plaintiff claimed under deed from defendant. Defendant

offered proof that he was induced to make the deed by plaintiff's representations that the Iowa lands, which formed the consideration for defendant's deed, were good rolling prairie lands, well adapted to farming and worth $20 per acre, and that such representations were false and fraudulent. The trial court sustained plaintiff's objection to this evidence and the Supreme Court of Illinois in affirming the judgment said:

"Can fraudulent representations, made to induce the execution of a deed, be admitted to defeat a recovery in ejectment, where the representations relate merely to the nature or value of the land?

" * * *

"As a general rule, in an action of ejectment a court of law will not go behind the naked legal title. For this course there is good reason. If the evidence offered had been admitted and the fraud found, the court could have done nothing but declare the deed a nullity. It could not have placed the parties in their original position and compelled a restoration of the money paid, and a reconveyance of the lands granted in exchange. Equity could not have been administered as it would have been in a court of chancery, to which jurisdiction of such questions rightfully pertains." Escherick v. Traver, 65 Ill. 379, 381.

■ We are persuaded that in this state, where the separate jurisdictions of law and equity are maintained, fraud in the inducement is not available as a defense in ejectment.

■ The fraud relied on by defendant here is fraud in the inducement going to the consideration and is not available in this action. There is no evidence or contention that the mortgage executed by defendant and her husband was misread to them, or that their signatures were obtained by undue influence or trick or artifice, or that the mortgage is not the instrument they intended to sign. The mortgage appears to be precisely the instrument the mortgagors intended to sign.

We hold that the court erred in overruling plaintiff's objections to the evidence tending to show that plaintiff's agent falsely represented that insurance would be provided to pay the mortgage in the event of the death of either mortgagor.

Clarkson v. Pruett, 201 Ala. 632, 79 So. 194, is the case which appears to hold contrary to the rule that fraud in the inducement to make a conveyance is not available as a defense in ejectment. In *Clarkson*, plaintiff relied on a deed executed by an old man to the plaintiff, a young woman. We have examined the original record on which that case was decided. The deed under which plaintiff claimed recites " * * * that I, J. S. Turner for and in consideration of the love and affection which I bear toward my intended wife Miss Mary E. Clarkson, do hereby give, grant and convey unto the said Mary E. Clarkson the following described real estate * * *."

After Turner's death, the grantee, Mary E. Clarkson, brought statutory ejectment against the defendants who claimed title through the purchaser at a sale of Turner's land by his administrator. As a defense, the defendants claimed that the deed from Turner to plaintiff was "procured by fraud in that plaintiff * * * induced the grantor * * * to execute the same in consideration of her promise to marry him —a promise she had at the time no intention to perform." This court said: "This defense was available in ejectment (Prestwood v. Carleton, 162 Ala. 327, 50 South. 254), and its consideration has been deemed sufficient for a proper disposition of the case in this court."

We are of opinion that the statement that "This defense was available in ejectment," is not a correct statement of the law. As we have already undertaken to show, all other authorities we have examined say that fraud in the inducement, as distinguished from fraud in the exe-

cution, is not available as a defense in ejectment.

Closer examination of the opinion and record, however, leads us to believe that the defense of fraud in the inducement was available in the *Clarkson* case because evidence to prove the fraud was admitted without objection. The bill of exceptions shows that Lizzie Lane, a witness for defendants, testified with reference to plaintiff, and without objection, as follows:

"* * * She said she promised to marry him to get him to make a deed, that she might get a deed out of him. She said she did not intend to marry him. * * *"

In as much as this evidence was admitted without objection, it appears that the evidence was before the court and available to the defendants. In that posture of the case, the result is clearly correct.

In the case at bar, plaintiff did object to the evidence tending to prove that plaintiff's agent promised insurance. We hold that the court erred in admitting that evidence. The difference is that in *Clarkson,* plaintiff did not make objection to the evidence to prove fraud in the inducement while in the case at bar, plaintiff did make objection to such evidence. It is also to be noted that in *Clarkson,* the only assignment argued in brief was that the court erred in rendering judgment for defendants. Admissibility of the evidence proving the fraud was not argued in *Clarkson*; in fact, it was not even assigned for error. Such an assignment would have had no merit because no ruling of the trial court was invoked as to admissibility of such evidence. In the instant case, admission of the evidence was objected to, assigned for error, and argued.

In *Clarkson,* this court cited only one case, Prestwood v. Carlton, supra, to support the proposition that "This defense was available in ejectment." We do not think *Prestwood* supports the proposition for which it was cited. *Prestwood* was an action against leasor to recover for breach of covenants of warranty in a lease. The breach assigned was that lessor had no title to certain lands which were leased and which were owned by parties other than the lessor.

Defendant filed five pleas, only one of which was considered on appeal. The sufficiency of this plea, No. 3, was tested by demurrer. The trial court sustained a demurrer to plea No. 3.

In plea No. 3, defendant said that his signature to the lease was obtained under such circumstances as constitute fraud in law, in that plaintiff's intestate, the lessee, applied to defendant, the lessor, prior to execution of the lease for execution by lessor of a contract such as that sued upon, that lessor agreed to execute a lease on his lands, that lessor told lessee that lessor did not know the description of his lands by numbers, that lessee agreed to go to the courthouse where lessor's lands were assessed to him and ascertain the correct description of lessor's lands and lessor relied on lessee to ascertain the correct description, that lessee went to the courthouse and returned with a description of a large amount of land and told lessor that the same described lessor's lands, and lessor relied upon lessee's statement, and lessee wrote out the lease and inserted the numbers of the land therein, and lessor, not knowing any better and relying on lessee's statement, executed the lease, and lessor says that if the lease embraces land not owned by lessor, to that extent, lessee's statement was false and not binding on lessor, wherefore lessor prays judgment on the plea.

This court held that even if lessee unintentionally misrepresented the description of the land, it amounted to such constructive fraud as that lessee ought not to be permitted to profit by his own wrong and that the trial court erred in sustaining demurrer to plea No. 3.

"The facts alleged in plea No. 3 show that, as a result of the misrepresentations of lessee, lessor executed a lease he did not intend to execute. It was as if the lease had been misread to him, or his signature obtained on a document he did not intend to sign. Such fraud is that described as fraud in the execution or procurement and is available at law. It is available because it shows that the instrument relied on is not in fact and in truth the deed of the defendant, although it bears his signature. It is not defendant's deed because he did not intend to sign such a paper.

In the case at bar, defendant does not say that the mortgage she and her husband signed is not the paper they intended to sign. She merely says that she was deceived by the statement that insurance would be provided.

In Prestwood v. Carlton, supra, the court, near the beginning of a long opinion, set out the rule of law which supports the holding that plea No. 3 was a good plea. Ten or more cases are cited as authority for the rule which this court stated as follows:

"* * * If the grantee or the lessee by misrepresentations of what the grant or lease contains obtains the grantor's signature to the grant or lease which he did not intend to sign, and did not know he was signing, this is a fraud which is available in a court of law. * * * 'When the execution of an instrument which the party signing did not intend to sign and did not know he was signing is procured by a misrepresentation of its contents, and the party signing it does so without reading or having it read, relying upon such misrepresentation and fraud and believing he is signing a different instrument, he can avoid the effect of his signature notwithstanding he was able to read, and had the opportunity to read the instrument.'

* * *" (162 Ala. at pages 332 and 333, 50 So. at pages 256 and 257)

Thus it appears that Prestwood is authority for the rule that fraud, which caused a party without fault on his part to sign an instrument he did not intend to sign and did not know he was signing, is available as a defense at law. Prestwood is not authority for a rule that, where a party has signed a deed and the deed is the instrument he intended to sign, fraud or misrepresentation as to the consideration which induced the party to sign, is available as a defense in ejectment.

Clarkson has been cited in Johnson v. Chamblee, 202 Ala. 525, 529, 81 So. 27; Fields v. Fields, 211 Ala. 649, 101 So. 588; McCormick v. McCormick, 221 Ala. 606, 608, 130 So. 226; Williams v. Williams, 238 Ala. 637, 639, 193 So. 167; Nearhos v. City of Mobile, 257 Ala. 161, 167, 37 So.2d 819; and Doswell v. Hughen, 266 Ala. 87, 90, 94 So.2d 377; all of which were suits in equity; and also in Ritter v. Moseley, supra, which was an action in statutory ejectment, and from which we have already quoted that "equitable defenses are not available in a court of law as a defense to an action of ejectment." We have not found where the statement in Clarkson, that "This defense was available in ejectment," has been followed in an action at law.

As to Clarkson, we are of opinion that the statement that "This defense was available in ejectment," is not correct, and we hold that it is due to be and is overruled.

For overruling plaintiff's objections to the evidence which tended to show that plaintiff's agent represented that insurance would be provided on the lives of the mortgagors, the judgment is reversed and the cause remanded.

Reversed and remanded.

All the Justices concur.