207 So.2d 648

### Ex parte JIM WALTER CORP.

### 6 Div. 525.

Supreme Court of Alabama.

Feb. 22, 1968.

R. A. Norred, Birmingham, for petitioner.

SIMPSON, Justice.

This is a petition for mandamus seeking review of action taken by the respondent in transferring on motion of the defendants a case filed by petitioner against Billy Joe Davidson, et al. to the equity side of the court.

Petitioner filed on the law side of the court a suit in the nature of an action in ejectment. The defendants filed a motion to transfer the same to the equity side to which petitioner here filed a demurrer. The demurrer was overruled and the trial court transferred the cause to the equity side of the court. Hence, the case is here on petition for writ of mandamus.

Petitioner contends that the trial court erred in transferring the cause to equity in that "the motion fails to present an equitable defense; * * * fails to present a defense, cognizable in equity, which would dispose of the action * * *."

■ In these contentions the petitioner is mistaken. As noted, this is an ejectment action for the recovery of land. The motion raises the point that the mortgage upon which petitioner relies was procured by fraud in the inducement. This is an equitable defense which may not be raised on the law side. As noted in Jim Walter Corporation v. Rush, 279 Ala. 611, 189 So. 2d 129: "* * * where the separate jurisdictions of law and equity are maintained, fraud in the inducement is not available as a defense in ejectment".

■ Additionally, this case meets the requirements of Title 13, § 153, Code of Alabama, 1940 (recompiled 1958) which we have held is remedial and is to be given a liberal construction to effectuate its purpose. Ballentine v. Bradley, 236 Ala. 326, 182 So. 399. The petitioner contends that the motion fails to raise equitable defenses, but in this it is in error. Aside from the defense of fraud in the inducement, the motion seeks a reformation of a mortgage, also an equitable defense or more correctly, of equitable cognizance.

Other technical points raised by petitioner with regard to the motion have been considered and found to be without merit.

Inasmuch as this is the conclusion of the court we do not write to the point that the transcript of the record below appended to the petition for writ of mandamus does not comply with this court's rules.

The court has carefully considered the petition in the light of the statute referred to above and concludes that it must be denied.

Petition denied.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.